Leon **KIRSCHNER** and Henry Naftulin, individually and as co-partners, trading as K–N Enterprises

v.

**WEST COMPANY.**

Civ. A. No. 27579.

United States District Court
E. D. Pennsylvania.
April 20, 1960.

---

2. United States for the use of American Radiator Corp. v. Northwestern Engineering Co., 8 Cir., 1941, 122 F.2d 600, 602; Bowden v. United States for the use of Malloy, 9 Cir., 1956, 239 F.2d 572, 577; United States for the use of J. A. Edwards Co. v. Thompson Const. Corp., D.C.S.D.N.Y.1959, 172 F.Supp. 161, 163. Cf. Fleisher Engineering & Const. Co. v. United States for the use of Hallenbeck, 1940, 311 U.S. 15, 18–19, 61 S.Ct. 81, 85 L.Ed. 12. See also United States for the use of Old Dominion Iron & Steel Corp. v. Massachusetts Bonding & Ins. Co., 3 Cir., 1959, 272 F.2d 73.

318

Stephen D. Rudman (of Weissman & Kozart), Philadelphia, Pa., for plaintiffs.

Theodore Voorhees and John T. Subak, Philadelphia, Pa., for defendant.

GOODRICH, Circuit Judge.

Plaintiffs in this case have brought an action against the defendant for breach of contract. Federal jurisdiction is based on diversity of citizenship. The defendant has filed a motion to stay proceedings pending the arbitration provided for in paragraph 15 of the 1952 agreement between the parties.[1] The plaintiffs oppose this motion. They say that this Court cannot stay the proceedings pending arbitration because Illinois law,

---

1. Paragraph 15 of the contract reads in part as follows:

"It is understood and agreed that in the event a dispute arises between the parties hereto from, out of, or concerning the meaning, construction, interpretation, performance, non-performance or breach of this agreement, the same shall be submitted to arbitration in the County of Cook, City of Chicago and State of Illinois, pursuant to the Arbitration Laws of the State of Illinois, and the then rules of the American Arbitration Association and any award upon such arbitration shall be enforceable in any Court of competent jurisdiction."

which they assert will not permit such a stay, governs this case, the Federal Arbitration Act being inapplicable. They also contend that defendant is in "default" in proceeding with the arbitration.

It is now settled that, in spite of the broad language of Section 3 of the Federal Arbitration Act,[2] its compulsory effect is applicable only to those contracts covered by Section 2 of the Act,[3] i. e., "any maritime transaction or a contract evidencing a transaction involving commerce." Bernhardt v. Polygraphic Co., 1956, 350 U.S. 198, 201–202, 76 S.Ct. 273, 275–276, 100 L.Ed. 199.

The contract in this case has nothing to do with any maritime transaction. It is a contract by which the plaintiffs grant a license to the defendant "to make, use and apply the coating material covered by this agreement as hereinafter set forth, for use in connection with rubber or synthetic closures, which are to be used for the pharmaceutical industry, and for no other purpose." Is this a contract "evidencing a transaction involving commerce?" By "commerce," of course, is meant the type of commerce within federal jurisdiction, i. e., interstate or foreign commerce.[4]

The defendant says that it "produces bottle closures which are shipped, sold, and used throughout the entire United States." This assertion does not establish the fact and we must go back to the words of the contract. The contract does provide a license for the use of the material in the "pharmaceutical industry." We may take judicial notice of the fact that the pharmaceutical industry covers the entire United States. This, therefore, is a contract which provides for the supplying of material to an industry which is country-wide. This type of contract evidences a transaction involving "commerce" as that term is now defined by the Supreme Court.[5] The citation of cases involving a concept of "commerce" prevalent in the days of Hammer v. Dagenhart, 1918, 247 U.S. 251, 38 S. Ct. 529, 62 L.Ed. 1101, does not help us on this problem at the present time.

There is no merit to the plaintiff's last point. The motion for stay was made within a reasonable time after the complaint was filed and we do not think

2. "§ 3. Stay of proceedings where issue therein referable to arbitration

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C.A. § 3.

3. "§ 2. Validity, irrevocability, and enforcement of agreements to arbitrate

"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2.

4. " '[C]ommerce', as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation * * *." 9 U.S.C.A. § 1.

5. See e.g., United States v. Darby, 1941, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609; Mitchell v. C. W. Vollmer & Co., 1955, 349 U.S. 427, 75 S.Ct. 860, 99 L. Ed. 1196; Reed v. Pennsylvania R. R., 1956, 351 U.S. 502, 76 S.Ct. 958, 100 L. Ed. 1366. See also Ross v. Twentieth Century-Fox Film Corp., 9 Cir., 1956, 236 F.2d 632; Robert Lawrence Co. v. Devonshire Fabrics, Inc., 2 Cir., 1959, 271 F.2d 402, certiorari granted 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618.

there is any basis for saying that any rights which the defendant had were waived.

The motion will be granted.