571 F.2d 203
 Fed. Sec. L. Rep. P 96,317
Louise Price PARSONS, Appellant,
v.
HORNBLOWER & WEEKS HEMPHILL, NOYES, a partnership, Howard E.
Buhse, Charles L. Morse, Jr., Jansen Noyes, Jr., William J.
Lawlor, Jr., William G. Maloney, George T. Flynn, Blancke
Noyes, Walker W. Stevenson, Jr., Clifton P. Walker, James F.
Gilbert, Robert R. Miller, Ralph L. Pope, Jr., Robert W.
Sharer, George N. Morris, Henry Hornblower, II, Ralph
Hornblower, Jr., Harold F. Carter, Joseph A. Gimma, Robert
R. Spence, Hatfield Smith, Dudley H. Bradlee, II, Eugene M.
Matalene, J. Malcolm De Sieyes, Edmund T. Anderson, Herman
H. Kuver, Stephen C. Reynolds, Jr., Clifford Hemphill, Jr.,
Richard A. Miller, John F. Detmer, Thor W. Kolle, Jr.,
Pearce D. Smith, A. Paul Ogilvie, Jr., Jack P. Gould, Royal
G. Whiting, C. Austin Barker, Joseph R. Carson, Milton J.
Rusnak, Robert M. Wholforth, James M. Clark, Elmer I. Paull,
Henry F. Williams, Stephen J. Kozeletz, John P. Toolan, John
T. Schriver, James F. Clardy, William G. Budinger, Salvatore
Saladini, Donald O. Von Wedel, Stephen Little, Alfred Lisi,
Earl Rubin, William J. Pigott, Robert J. Florentino, G.
Lloyd Isaacs, Richard W. Massey, Bernard N. Klein, Robert M.
Biggar, Theodore M. Johnson, William J. Lawlor, III, Peter
J. De Angelis, George R. Ross, Bernadotte P. Lester, Jr.,
Donald F. Grannis, Frank E. Dominach, Jr., Joseph J.
Ignazio, Richard T. Le Doux, Hornblower & Weeks Hemphill,
Noyes, Inc., and Thomas Ward, Appellees,
Avco Corporation, Defendant.
 No. 77-1762.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 10, 1978.
Decided Feb. 9, 1978.
 
 Edward L. Murrelle, Greensboro, N. C. (Lindsay R. Davis, Jr., Jordan, Wright, Nichols, Caffrey & Hill, Greensboro, N. C., Paul M. Bernstein, Kreindler & Kreindler, New York City, on brief), for appellant.
 Larry B. Sitton, Greensboro, N. C. (Michael R. Abel, Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., Edward J. Reilly, Jr., Norman R. Nelson, Milbank, Tweed, Hadley & McCloy, New York City, on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this securities case, the plaintiff, Louise Price Parsons, brought suit under Sections 12 and 17 of the Securities Act of 1933, 15 U.S.C. §§ 77l and 77q, under Sections 10 and 15 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j and 78o and rules promulgated thereunder including Rule 10b-5 (17 C.F.R. § 240.10b-5), under Article III, Section 2, of the Rules of Fair Practice of the National Association of Securities Dealers ("NASD"),[1] and, arguably under Rule 405, of the Rules of the New York Stock Exchange ("NYSE").[2] Named as parties defendant were the stockbrokerage partnership itself, Hornblower and Weeks Hemphill, and Noyes ("Hornblower"), its individual partners, its successor corporation, B. Thomas Ward ("Ward"), a registered representative in Hornblower's Greensboro, North Carolina, office, and Avco Corporation, who owned the majority interest in Cartridge prior to July, 1971. The gravamen of the complaint dealt with certain purchases made by plaintiff's then husband on her behalf from Hornblower, acting as a dealer in the stock of Cartridge Television, Inc. ("Cartridge"). Plaintiff sought recovery of her purchase price and punitive damages.
 
 
 2
 Defendants Hornblower and Ward initially moved for summary judgment, after which the plaintiff took extensive discovery. Avco separately moved for summary judgment. The district court conducted two hearings, and, having made a thorough review of the record, and with full realization that summary judgment is ordinarily not appropriate in a case where important, complex and factual issues are presented, it nevertheless held that the case should properly be disposed of by entering summary judgment for the defendants.
 
 
 3
 The plaintiff appeals[3] contending, inter alia, that the defendant failed to make required disclosures in eight topic areas prior to, or in connection with the January 20, 1972, purchase of the Cartridge stock, and that the failure to make those disclosures sustains her claim under the securities laws at least beyond summary judgment.
 
 
 4
 We disagree and affirm for the reasons set forth by the district court. Parsons v. Hornblower and Weeks Hemphill, Noyes, et al., 447 F.Supp. 482 (1977).[4]
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 In the district court, plaintiff also urged violations of Article III, Sections 1, 12, 14 and 18 of the Rules of Fair Practice of the NASD. Only the Article III, Section 2 contention is pressed on appeal
 
 
 [2]
 Plaintiff's claim under Rule 405 of the NYSE was not relied upon nor referred to in either the complaint or the amended complaint below. The district court did not pass upon the precise question of whether or not there was an implied private cause of action under Rule 405, of the NYSE. Since that issue was not presented below, we do not address it here. McGowen v. Gillenwater, 429 F.2d 586 (4th Cir. 1970)
 Plaintiff also sought recovery under Section 206 of the Investment Advisors Act, 15 U.S.C. § 80b-6, and under Regulation T of the Board of Governors of the Federal Reserve System, 12 C.F.R. § 220. These claims were likewise not pressed on appeal.
 
 
 [3]
 No appeal was taken from that portion of the opinion of the district court granting judgment in favor of Avco
 
 
 [4]
 Based upon the record before us, we believe that the litigation in New York, Thompson v. Avco Corp., (Current) Fed.Sec.L.Rep. (CCH) P 96, 105 (1977), dealing in part with the patent position of Cartridge is distinguishable, and accordingly, is not controlling here
 We reach this conclusion because, when Judge Frankel's opinion is closely analyzed, the allegations concerning the patent infringement claims in Thompson are materially different from those presented in this appeal even though both have some ties to AMPEX's claim of infringement by Cartridge of AMPEX Patent No. 2,956,114. In Thompson, supra, it was alleged that there had been a failure to disclose some patent infringement claim or claims ". . . outstanding at the time the (Cartridge) prospectus was issued." Thompson v. Avco Corp., supra, P 96, 105 at 91, 978. Here, while mention is made of the AMPEX claim, the parties seem to agree that AMPEX's claim of infringement was not commenced until ". . . the summer of 1972 (when) two lawsuits were commenced, one by AMPEX Corporation and one by Cartridge. . . ." (See Appellant's Br. at 26; Appellees' Br. at 40), which claim arose long after the July 31, 1971, issuance of the prospectus. Thus, based on the allegations and record before us, there would not be an actionable omission in this case, and Thompson, based on different allegations, is not controlling.