Ronald and Mary **MILLER**

v.

**E.W. SMITH CO., Gruntal & Co., and William Spiropoulos.**

Civ. A. No. 83–1032.

United States District Court,
E.D. Pennsylvania.

Dec. 16, 1983.

818

Mark A. Klugheit, Franca Palumbo, Philadelphia, Pa., for plaintiffs.

E. Stirling Lathrop, III, Philadelphia, Pa., for E.W. Smith Co. & Gruntal & Co.

Arthur Matusow, Philadelphia, Pa., for William Spiropoulos.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

In this action, plaintiffs, Ronald and Mary Miller, assert claims against defendants, E.W. Smith Co. ("Smith"), Gruntal & Co. ("Gruntal"), and William Spiropoulos, under the federal securities laws, rules established by the National Association of Securities Dealers, and state tort and contract law. Presently before the court is the motion of defendants Smith and Gruntal to dismiss counts III and IV of the amended complaint, for severance of the state law claims, and for a stay of arbitration on the state law claims until conclusion of the federal suit. For the reasons set forth below, the motion will be granted in part and denied in part.

## COUNT III

Count III of the amended complaint asserts a claim under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77$l$(2) (1981). Defendants argue that this claim should be dismissed in view of plaintiffs' failure to plead facts which would satisfy the limitations period established by § 13 of the same Act, 15 U.S.C. § 77m (1981). The court cannot agree.

 As plaintiffs correctly point out, the defendants' motion must be treated as one for summary judgment since defendants have already filed an answer to the amended complaint. Fed.R.Civ.P. 12(b). *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1347 (1969). The standard against which a motion for summary judgment is measured requires the moving party to demonstrate both that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. To meet this burden here, defendants must show that the undisputed material facts reveal that plaintiffs have not timely filed their complaint according to the provisions of § 13 of the Act. Section 13 provides in pertinent part:

No action shall be maintained to enforce any liability created under ... [Section 12(2)] unless brought within one year after discovery of the untrue statements or the omission, or after such discovery should have been made by the exercise of reasonable diligence.... In no event shall any action be brought to enforce a liability created under ... [Section 12(2)] ... more than three years after the sale.

15 U.S.C. § 77m (1981).

Defendants have not met their burden. Since material facts as to the date when the one year limitation period of § 13 began to run remain in dispute, and since the

complaint was filed within three years from the date plaintiffs first had contact with defendants, summary judgment will accordingly be denied.

### COUNT IV

██ Count IV of the complaint claims that defendants violated Article III, section 2 of the Rules of Fair Practice of the National Association of Securities Dealers ("NASD") and "other NASD rules." Article III, section 2, known as the "suitability rule" provides:

> In recommending to a customer the purchase, sale or exchange of any security, a member shall have reasonable grounds for believing that the recommendation is suitable for such customer upon the basis of the facts, if any, disclosed by such customer as to his other security holdings and as to his financial situation and needs.

NASD Manual (CCH) art. III § 2 (1983).

Plaintiffs allege that the defendants recommended to and bought for the plaintiffs securities which the defendants knew were unsuitable in light of plaintiffs' financial situation and needs. Defendants contend that count IV must be dismissed because there is no private cause of action under the NASD Rules.

At the outset, the court notes that the Securities Exchange Act of 1934, which requires exchanges and associations to promulgate rules to promote fair dealing and to protect investors,[1] does not by its terms allow a private right of action for alleged violations of securities dealers rules. Whether such a cause of action exists requires application of the general rules regarding implication of private suits from federal statutes.

In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court enunciated the now familiar four-part test for determining when a private remedy may be implied from a statute not expressly providing for one. The *Cort* decision was subsequently clarified in *Touche*

*Ross and Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), wherein the Court discussed claims for implied private remedies under federal securities statutes. The *Touche Ross* Court stated that the four factors of *Cort* were not to be given equal weight. Rather, "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross*, 442 U.S. at 575–576, 99 S.Ct. at 2488–2489; *see Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).

Prior to *Touche Ross* there had been a split of authority regarding implication of a private right of action under either NASD or stock exchange rules. Plaintiffs direct the court to consider the following cases in favor of such an implied action: *Utah State University v. Bear, Stearns & Co.*, 549 F.2d 164 (10th Cir.1977), *cert. denied*, 434 U.S. 890, 98 S.Ct. 264, 54 L.Ed.2d 176; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Goldman*, 593 F.2d 129 (8th Cir. 1979), *cert. denied*, 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50; *Shull v. Dain, Kalman & Quail, Inc.*, 561 F.2d 152 (8th Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792; *Carras v. Burns*, 516 F.2d 251 (4th Cir.1975); *Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 410 F.2d 135 (7th Cir.1969), *cert. denied*, 396 U.S. 838, 90 S.Ct. 98, 24 L.Ed.2d 88; *Avern Trust v. Clarke*, 415 F.2d 1238 (7th Cir. 1969), *cert. denied*, 397 U.S. 963, 90 S.Ct. 997, 25 L.Ed.2d 255; *Smith v. Smith, Barney, Harris, Upsham & Co., Inc.*, 505 F.Supp. 1380 (W.D.Mo.1981); *Rolf v. Blyth Eastman Dillon & Co., Inc.*, 424 F.Supp. 1021 (S.D.N.Y.1977); *Wolfson v. Baker*, 444 F.Supp. 1124 (M.D.Fla.1978), *aff'd* 623 F.2d 1074 (5th Cir.1979), *cert. denied*, 450 U.S. 966, 101 S.Ct. 1483, 67 L.Ed.2d 615; *Parsons v. Hornblower 7 weeks-Hemphill, Noyes*, 447 F.Supp. 482 (M.D.N.C.1977), *aff'd per curiam*, 571 F.2d 203 (4th Cir.); *Neill v. David A. Noyes & Co.*, 416 F.Supp. 78 (N.D.Ill.1976); *Geyer v. Paine, Webber*,

---

1. 15 U.S.C. § 78f (1981).

*Jackson & Curtis, Inc.,* 389 F.Supp. 678 (D.Wyo.1975). ,

The following courts, however, have refused to imply a cause of action based on NASD or similar stock exchange rules: *Jablon v. Dean Witter & Co.,* 614 F.2d 677 (9th Cir.1980); *Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2d Cir.1966) (Friendly, J.), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56; *Hoover v. E.F. Hutton & Co.,* [1980] Fed.Sec.L.R. ¶ 97,654 (E.D.Pa.1980); *Rankl v. Elkins, Stroud, Supplee & Co.,* No. 79–3187 (E.D.Pa. June 12, 1980); *Birotte v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 468 F.Supp. 1172 (D.N.J.1979); *Thompson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 401 F.Supp. 111 (W.D.Okl.1975); *Utah v. duPont Walston, Inc.,* [1974–1975] Fed.Sec.L. Rep. (CCH) ¶ 94,812 (D.Utah 1974). *Cf. State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 851–53 (2d Cir.1981). *See also* Note, *Civil Liability for Violation of NASD Rules: SEC v. First Securities Co.,* 121 U.Pa.L.Rev. 388 (1972).

As Judge Cahn points out in *Hoover v. E.F. Hutton Co.,* "[t]he *Touche Ross* and *Transamerica* cases have significantly undermined the rationale of the cases permitting a private right of action under New York Stock Exchange rules." [1981] Fed. Sec.L.R. (CCH) ¶ 97,654 at p. 98, 486. The cases cited by plaintiffs, all but one of which were decided prior to *Touche Ross,* are therefore of questionable value despite their substantial number.[2] On the other hand, the Court of Appeals for the Ninth Circuit, in analyzing the issue in light of *Touche Ross* and *Transamerica,* concluded that there is no private right of action under the NASD rules. *Jablon v. Dean Witter, supra,* 614 F.2d 677. This court adopts the reasoning of the Ninth Circuit. Accordingly, summary judgment in favor of defendants Smith and Gruntal will be entered on count IV of the amended complaint.

**2.** Although, as plaintiffs point out, the case of *Smith v. Smith, Barney, Harris, Upsham & Co., Inc.,* 505 F.Supp. 1380 (W.D.Mo.1981), upheld a private cause of action for violation of NASD

## COUNTS V–VIII

Defendants request that the plaintiffs' pendent state law claims be severed for resolution by arbitration, and that the arbitration of these claims be stayed pending completion of federal litigation. Defendants' request will be denied.

Assuming, without deciding, that the state law claims would otherwise be subject to arbitration under the terms of the arbitration provision of plaintiffs' Customers Agreement, defendants have waived their right to demand arbitration. To date, defendants have not taken any action to secure arbitration. More importantly, defendants have manifested a clear intent to utilize the judicial process both by failing to affirmatively assert the arbitration clause, either in their answer to the amended complaint or in a timely motion to dismiss, and by taking full advantage of the discovery process.

The Third Circuit has indicated that waiver of an arbitration clause may be found where the demand for arbitration came long after the suit commenced and both parties have engaged in extensive discovery. *Gavlik Construction Co. v. H.F. Campbell Co.,* 526 F.2d 777, 783 (3d Cir. 1975). Determination of whether a waiver has occurred is dependent on the presence or absence of prejudice. *Id.* Here, defendants' conduct in waiting until discovery has closed and the case is ready for trial before asserting the arbitration provision, has prejudiced the plaintiffs. Accordingly, the court finds that defendants have waived any right to arbitration.

An appropriate Order will be entered.

## ORDER

AND NOW, TO WIT, this 16th day of December, 1983, for the reasons stated in the foregoing Memorandum, IT IS ORDERED as follows:

rules two years after *Touche Ross,* the decision is unpersuasive since it does not mention, and therefore probably did not consider, the effect of *Touche Ross.*

1. The motion of defendants, E.W. Smith Company and Gruntal & Co., to dismiss, which the court construes as a motion for summary judgment, is *denied* as to count III of the amended complaint.

2. The motion of defendants, E.W. Smith Company and Gruntal & Co., to dismiss, which the court construes as a motion for summary judgment, is *granted* as to count IV of the amended complaint.

3. Judgment is *entered* in favor of defendants, E.W. Smith Company and Gruntal & Co., and against plaintiffs on count IV of the amended complaint.

4. The motion of defendants, E.W. Smith Company and Gruntal & Co., to sever counts V through VIII of the amended complaint and to stay arbitration pending the outcome of this federal litigation is *denied*.