491 A.2d 888

**Thomas BAILEY, Administrator of the Estate of Lincoln Bailey, Appellant,**

v.

**HARLEYSVILLE MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1984.

Filed April 12, 1985.

422

Daniel J. Barrett, Towanda, for appellant.

James A. Pruyne, Towanda, for appellee.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

WIEAND, Judge:

Thomas Bailey, Administrator of the Estate of Lincoln Bailey, deceased, commenced an action on behalf of his decedent, who had been killed in an automobile accident, to recover work loss benefits from Harleysville Mutual Insurance Company pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq. The action was terminated during trial when a judgment in the amount of $1,000.00 was entered by agreement in favor of Bailey and against Harleysville. The judgment was paid and marked "Satisfied." Thereafter, Bailey filed a second action against Harleysville to recover an additional $14,000.00 in work loss benefits. Bailey moved for judgment on the pleadings, which consisted of a complaint, an answer containing new matter, and a reply.

The trial court denied Bailey's motion and, instead, entered summary judgment in favor of Harleysville. The trial court did so because it concluded that a second action between the same parties was barred by principles of res judicata. Bailey appealed. We affirm.

 A trial court may properly enter judgment against the party filing a motion for judgment on the pleadings if a review of the pleadings clearly supports the judgment. *Boron v. Smith,* 380 Pa. 98, 102, 110 A.2d 169, 171 (1955); *Volkert v. Swan,* 197 Pa.Super. 576, 582–583, 179 A.2d 274, 277 (1962); *Knecht v. Medical Service Association of Pennsylvania,* 186 Pa.Super. 456, 459, 143 A.2d 820, 822 (1958); Pa.R.C.P. 1034(b). However, a judgment on the pleadings may be entered only in cases which are clear and free from doubt." *Engel v. Parkway Co.,* 439 Pa. 559, 561, 266 A.2d 685, 686 (1970).

 "[A] final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties ... on the same cause of action." *Stevenson v. Silverman,* 417 Pa. 187, 190, 208 A.2d 786, 788 (1965), *cert. denied,* 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76. Accord: *Schultz v. City of Philadelphia,* 314 Pa.Super. 194, 199, 460 A.2d 833, 835 (1983). A future suit is barred because the cause of action has been merged into the judgment. *Lance v. Mann,* 360 Pa. 26, 28, 60 A.2d 35, 36 (1948). The public policy underlying the doctrine of res judicata is "to minimize the judicial energy devoted to individual cases, establish certainty and respect for court judgments, and protect the party relying on the prior adjudication from vexatious litigation." *Lebeau v. Lebeau,* 258 Pa.Super. 519, 524, 393 A.2d 480, 482 (1978). The doctrine is to receive a liberal interpretation and should be applied without technical restriction. *Haines Industries, Inc. v. City of Allentown,* 237 Pa.Super. 188, 191, 355 A.2d 588, 589 (1975). It is applicable where the prior judgment was entered by default. *Zimmer v. Zimmer,* 457 Pa. 488, 326 A.2d 318 (1974); *Devlin v. Piechoski,* 374 Pa. 639, 99 A.2d 346 (1953). It is also applicable where the judgment was entered by agreement. "Although a consent decree is not a

legal determination by the court ... it binds the parties with the same force and effect as if a final decree has been rendered after a full hearing upon the merits.... The fact that without the consent of the parties the court might not have rendered the judgment does not affect its effect as res judicata...." *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 500, 327 A.2d 72, 75 (1974) quoting *Zampetti v. Cavanaugh*, 406 Pa. 259, 265, 176 A.2d 906, 909 (1962). The doctrine is applicable even though there has been a change or new development in the law following the entry of a final judgment in the first action. *Haines Industries, Inc. v. City of Allentown, supra.*

■■■ Appellant's present action is barred by the judgment entered in the prior action between the same parties on the same cause of action. His argument that the second action asserted a new and different cause of action must fail. The decedent was killed on June 29, 1980. By the time the first action was brought, appellant's claim for work loss benefits had fully accrued; the complaint asserted a right to recover the maximum amount payable, viz. $15,000.00. If appellant had recovered the amount claimed, Harleysville's liability for work loss benefits would have been extinguished. A settlement and judgment in the amount of $1,000.00 was also effective to extinguish appellant's claim for work loss benefits and appellee's liability therefor. The maximum work loss benefit can be recovered only once; and after a cause of action therefor has been extinguished by the entry of judgment, a new cause of action cannot be asserted for wages lost because of the inability of the decedent to work thereafter. A defendant has a right to rely on the stability of judgments and have an end to litigation instituted against him. We hold, therefore, that after an estate's claim for the maximum work loss benefit has been terminated by a judgment on the merits, no further action can be brought for wages lost thereafter.

■■■ The decision of the Supreme Court in *Kamperis v. Nationwide Insurance Co.*, 503 Pa. 536, 469 A.2d 1382 (1983) does not command a different result. It was there held that work losses accrue as a decedent is unable to

work and that the statute of limitations begins to run when each loss is actually sustained. After the maximum compensable loss has occurred, however, a cause of action therefor has fully accrued, and an action must be commenced within two years thereafter. New causes of action for work loss benefits do not arise periodically thereafter ad infinitum. So also, when a fully accrued cause of action for the maximum benefit is the subject of a legal action which proceeds to judgment, new causes of action for additional work losses do not arise periodically thereafter.

Appellant argues that the agreed judgment is not a bar to further proceedings because the trial court did not make a separate finding that the settlement was in the best interests of the claimant. In support of this argument he cites Section 106(b)(1) of the No-fault Act, 40 P.S. § 1009.-106(b)(1) which provides as follows:

**(b) Release or settlement of claim.**

(1) Except as otherwise provided in this subsection, no-fault benefits shall not be denied or terminated because the victim executed a release or other settlement agreement. A claim for no-fault benefits may be discharged by a settlement agreement for an agreed amount payable in installments or in a lump sum, if the reasonably anticipated net loss does not exceed two thousand five hundred dollars ($2,500). In all other cases, a claim may be discharged by a settlement to the extent authorized by law and upon a finding, by a court of competent jurisdiction, that the settlement is in the best interest of the claimant and any beneficiaries of the settlement, and that the claimant understands and consents to such settlement. . . .

■ This section of the statute, however, is not applicable to the instant case. It does not purport to affect either the validity or finality of a judgment on the merits in a prior action. We are not here concerned merely with a "release or other settlement agreement." Appellant's claim for maximum work benefits went to trial and was concluded during trial by the entry of a judgment. "So long as [that] judgment stands unreversed . . . it may not be questioned in

any other case." *Devlin v. Piechoski, supra,* 374 Pa. at 643, 99 A.2d at 348. Moreover, the judgment was entered by and with the express approval of the trial court. The finality of that judgment is not impaired by the court's failure to go further and make an express finding that it was in the best interests of the claimant that the judgment be entered.

■■■ When the first action was tried, there was considerable uncertainty about the right of the estate of a decedent to recover work loss benefits without proof of dependency. Bailey and Harleysville determined to resolve this uncertainty and terminate their litigation by entering an agreed judgment. That judgment is res judicata and bars a second action on the same cause. The uncertainty in the law was thereafter resolved judicially by the decision in *Freeze v. Donegal Mutual Insurance Co.,* 301 Pa.Super. 344, 447 A.2d 999 (1982), *aff'd,* 504 Pa. 218, 470 A.2d 958 (1983), which held that dependency was not determinative of the right of a decedent's estate to recover work loss benefits. This development in the law did not prevent application of the doctrine of res judicata to bar a second action. Cf. *Haines Industries, Inc. v. City of Allentown, supra.*

The order entering judgment on the pleadings is affirmed.