[No. 9085–0–III.   Division Three.   January 5, 1989.]

STEPHEN L. KINSEY, ET AL, *Respondents,* v. FRANK V. BRADLEY, ET AL, *Petitioners.*

*David Allan Thompson,* for petitioners.

*Louie Delorie* and *Powers, Therrien & Delorie,* for respondents.

GREEN, J.—Discretionary review was granted to review an order denying a motion by defendants Shearson American Express and the Bradleys to compel arbitration of the claims alleged against them by Stephen and Dawn Kinsey. The motion was denied on the basis Shearson and its employee, Mr. Bradley (hereinafter Shearson), had waived its right to arbitrate the claims.

In July 1980 the Kinseys opened a commodities account with Shearson and executed a customer agreement containing a provision for arbitrating "[a]ny controversy arising out of or relating to . . . transactions" between the parties. On April 2, 1981, a second agreement was executed and also contained an arbitration provision. Mr. Kinsey invested $75,000 in a high risk exploratory oil and gas drilling program. The venture was unsuccessful and he lost his investment.

On May 2, 1984, the Kinseys commenced this action in the Superior Court for Yakima County against Shearson and others to recover their loss. Shearson successfully removed the action to the United States District Court for Eastern Washington where a substantially identical action was pending against virtually the same parties. After extensive pretrial activity, the United States District Court,

on February 14, 1985, dismissed five of the claims and remanded the balance of the action to the Superior Court for Yakima County.

Activity in the superior court did not resume until June 19, 1987, when the Kinseys filed an amended complaint alleging violations of both federal and state securities laws, common law fraud and violations of the Consumer Protection Act. Four days later, Shearson requested the Kinseys to arbitrate their claims pursuant to their agreement. The Kinseys refused. Shearson moved to compel arbitration. Applying state standards, the court denied the motion on the basis Shearson had waived its right to compel arbitration. Shearson then moved to reconsider contending the court had incorrectly applied state rather than federal standards. This too was denied, resulting in this appeal.

Shearson and the Kinseys agree the trial court erred in applying State instead of federal standards in determining the issue of waiver. However, Shearson contends that this court, based on the report of proceedings, can determine, as a matter of law, it did not waive its right to arbitration; but if we choose not to do so, the waiver issue should be remanded to the trial court with instructions to determine waiver in accordance with federal standards.

Since the underlying transaction between the parties involved interstate commerce, their arbitration agreement is subject to the federal Arbitration Act. *Southland Corp. v. Keating,* 465 U.S. 1, 12, 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984). Consequently, the parties are correct in agreeing the trial court erred in applying state law.

■ To establish waiver under federal law, the party opposing arbitration must demonstrate (1) knowledge of an existing right to compel arbitration, (2) acts inconsistent with that right, and (3) prejudice. *Letizia v. Prudential Bache Sec., Inc.,* 802 F.2d 1185, 1187 (9th Cir. 1986). On the other hand, prejudice is not required under state law. *Lake Wash. Sch. Dist. 414 v. Mobile Modules Northwest, Inc.,* 28 Wn. App. 59, 621 P.2d 791 (1980). Since the trial court considered the first two requirements, we review

whether those criteria were met. *Fisher v. A.G. Becker Paribas Inc.,* 791 F.2d 691 (9th Cir. 1986); *Rush v. Oppenheimer & Co.,* 779 F.2d 885, 887 (2d Cir. 1985).

In reviewing the requirements for waiver, certain established principles must be kept in mind. Waiver is ordinarily an intentional relinquishment of a known right. *Johnson v. Zerbst,* 304 U.S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357 (1938). Waiver of a contractual right to arbitration is not favored. *Lake Communications, Inc. v. ICC Corp.,* 738 F.2d 1473, 1477 (9th Cir. 1984); *Shinto Shipping Co. v. Fibrex & Shipping Co.,* 572 F.2d 1328, 1330 (9th Cir. 1978). An examination of whether the right to compel arbitration has been waived must be conducted in light of a strong federal policy favoring arbitration as a method of dispute resolution. *Fisher v. A.G. Becker Paribas Inc., supra* at 694; *Rush v. Oppenheimer & Co., supra* at 887. Any doubts concerning the scope of arbitrable issues, construction of the contract, or a defense of delay, waiver, or the like should be resolved in favor of arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983); *Shinto Shipping Co. v. Fibrex & Shipping Co., supra* at 1330. Because waiver of the right to arbitration is not favored, the party opposing it bears a heavy burden of proof. *Fisher v. A.G. Becker Paribas Inc., supra* at 694; *Belke v. Merrill Lynch, Pierce, Fenner & Smith,* 693 F.2d 1023, 1025 (11th Cir. 1982). However, when a party fails to demand arbitration during pretrial proceedings, and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party opposing a motion to compel arbitration may more easily show its position has been compromised, *i.e.,* prejudiced. *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1161 (5th Cir. 1986).

With respect to the first requirement, the Kinseys, who oppose arbitration, must establish Shearson knew of its right to arbitrate. *Letizia v. Prudential Bache Sec., Inc., supra.* Shearson contends it did not know of its arbitration

right until shortly before the Kinseys amended their complaint in 1987, 2 years after the action had been remanded back to superior court. It was then Shearson's counsel discovered the 1980 arbitration agreement which had been kept in Shearson's closed files. Shearson argues the date it had actual knowledge, the spring of 1987, is the crucial date. We disagree.

One is presumed to know and understand the contents of documents one signs and, in this case, prepared by the signer. *O'Neel v. National Ass'n of Sec. Dealers, Inc.,* 667 F.2d 804 (9th Cir. 1982) (a former employee of a brokerage firm unsuccessfully argued he was unaware that the arbitration rules were incorporated by reference in the application he signed); *Tullis v. Kohlmeyer & Co.,* 551 F.2d 632 (5th Cir. 1977) (the court held the plaintiffs, former partners in a brokerage firm, could not avoid the obligation to arbitrate their claims on the basis they were unaware of the arbitration language contained in their membership applications). Here, the agreement the parties signed was on a form prepared by Shearson and kept in its files. Shearson's failure to review that agreement does not allow Shearson to claim it did not have actual knowledge of its contents. Thus, Shearson knew or should have known of its right to arbitration in 1984 when the Kinseys filed their action in state court. That right became an "existing" right in 1985 when the Supreme Court removed the barrier to arbitration of state claims which had formerly been considered intertwined with federal nonarbitrable claims. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 84 L. Ed. 2d 158, 105 S. Ct. 1238 (1985). We conclude the court did not err in finding the first element for waiver was satisfied.

As to the second requirement for waiver, the record must establish that Shearson's actions were inconsistent with its right to arbitration. The trial court found Shearson's continued involvement in the federal court proceeding after the 1985 decision in *Dean Witter Reynolds Inc. v. Byrd, supra,* was inconsistent with its later motion to compel arbitration in 1987. Shearson argues there was no

inconsistency because the state action was not prosecuted by the Kinseys for over 2 years after it was remanded by the federal court, no discovery was undertaken in either court and Shearson had not answered the Kinseys' complaints in either court. However, Shearson admits in its brief it engaged in "extensive" motion practice in the 2½ years prior to January 1987 obtaining dismissal of most of Kinseys' claims. During all of these procedures, Shearson never sought arbitration even though its own agreement provided for it. It is evident Shearson manifested a clear intent to utilize the judicial process rather than seek nonjudicial resolution of arbitrable issues. *Miller v. E.W. Smith Co.*, 581 F. Supp. 817, 820 (E.D. Pa. 1983). Consequently, in our view there is adequate support for the trial court's determination that Shearson's actions were inconsistent with its known right to arbitration.

Finally, the federal law requires a finding of prejudice to establish waiver. The trial court did not consider this issue because it erroneously chose to apply state law. Consequently, we remand to determine whether the Kinseys were prejudiced by Shearson's delay in seeking arbitration. On remand, the court may hear such additional testimony and consider such other evidence as the parties may present relevant to a decision on this issue. If further review is necessary, it should be expedited pursuant to RAP 18.12.

Affirmed in part, reversed in part and remanded for further proceedings.

THOMPSON, C.J., and FARIS, J. Pro Tem., concur.