562 A.2d 856

Josephine HALLO, Executrix of the Estate of Deno J. Bigi, Deceased, Appellee,

v.

Anthony D. FLORE, Kenneth W. Behrend, Elizabeth M. Behrend, his Wife, Mark B. Aronson, Frances E. Slater, and Allegro Chiesa Trading as Brookside Limited Partnership, Managed Investments, Inc., a Pennsylvania Corporation, and Henry G. Chiesa, a/k/a Henry L. Chiesa, Appellees. (Five Cases)

Appeal of Mark B. ARONSON.

Appeal of Kenneth W. BEHREND. (Two Cases)

Appeal of BROOKSIDE LIMITED PARTNERSHIP, Anthony D. Flore, Elizabeth M. Behrend, and Frances E. Slater. (Two Cases)

Superior Court of Pennsylvania.

Submitted March 30, 1989. (No. 997 Pittsburgh 1988).

Argued March 30, 1989. (Nos. 1152, 1167–1169 Pittsburgh 1988).

Filed July 18, 1989.

Reargument Denied Sept. 1, 1989.

Mark B. Aronson, Pittsburgh, for appellant, (at 997).

Kenneth W. Behrend, Pittsburgh, for appellant, (at 1152 & 1168) and for appellee (at 997, 1167 and 1169).

Larry A. Householder, Beaver Falls, for appellant (at 1167 & 1169) and for appellee (at 997, 1152 and 1168).

Robert J. Campbell, Beaver, for appellee (at 997, 1152, 1167, 1168 and 1169).

Before WIEAND, DEL SOLE and MELINSON, JJ.

DEL SOLE, Judge:

Presented before this court are five appeals each arising out of an action which sought to recover monies claimed due to an estate. The action was commenced in June of 1982 with the filing of a Complaint in Equity. An amended Complaint was filed in April of 1986 and extensive discovery commenced. On March 31, 1988 various motions for Summary Judgment were filed along with motions requesting the matter be transferred to arbitration. The court's denial of these motions are the subject of the appeals at numbers 997, 1152 and 1167 Pittsburgh 1988. Subsequent to the court's ruling a petition was filed seeking to have the court's order amended to establish that a Substantial Issue of Jurisdiction existed. The appeals numbered 1168 and 1169 Pittsburgh 1988 are taken from the order denying this petition.

### APPEAL NUMBERS 1168 AND 1169
### PITTSBURGH 1988

In appeal number 1168, Kenneth W. Behrend seeks review from the trial court's order which denied a Petition seeking to have the court amend its earlier order to add that the issues presented before the court raised a substantial question of jurisdiction. A separate appeal from this order was filed by Brookside Limited Partnership, Anthony D. Flore, Elizabeth M. Behrend and Francis E. Slater and given the number 1169. Since the trial court's order denying the requested Petition is not a final order from which an appeal may be taken, the appeals at numbers 1168 and 1169 Pittsburgh 1988 are quashed.

APPEAL NUMBERS 997, 1152 AND 1167
PITTSBURGH 1988

■ Three separate appeals were also taken by different defendants seeking to challenge the trial court's order denying their motions for summary judgment and requests for transfer of the matter to arbitration. Appellants claim that their interlocutory appeals from the denial of their motions for summary judgment are appealable under that section of 12 P.S. § 672 which was not repealed by Pa.R.C.P. 1451(b)(7) and which provides for the raising of jurisdictional questions. However the Judiciary Repealer Act, Act of April 28, 1978, P.L. 202, No. 53 § 2(a) [1069] declared that 12 P.S. § 672 was to be "repealed absolutely" effective June 27, 1980. 42 P.S. § 20045(b). The right to appeal is now granted from final orders of court and certain interlocutory orders as is specified by law. 42 Pa.C.S.A. § 5105(a) and (c). The denial of the Summary Judgment motions filed in the trial court is not an interlocutory order from which the right to appeal is granted. *See* Pa.R.A.P. 311, 42 Pa.C.S.A. And despite the contention made by the Appellants that the order resolved a jurisdictional question, it did not meet the requirements of Pa.R.A.P. 311(b). Accordingly the appeals from those portions of the June 10, 1988 order of the trial court denying the requested motions for summary judgment are quashed.

■ The trial court's denial of the motion to transfer the case to arbitration is also the subject of the appeals at 997, 1152 and 1167 Pittsburgh 1988. Although these appeals are also filed from an order which is interlocutory, the appeals are permitted under the authority of 42 Pa.C.S.A. § 7342(a) and its reference to § 7320(a)(1) which permits an appeal to be filed from an order denying an application to compel arbitration.

■ Before the trial court the Appellants asserted that this action should be heard in arbitration according to the terms of a partnership agreement which, it claimed, is the subject of the underlying dispute. Appellee, as representative of an estate, responded by asserting that her decedent

was not subject to the arbitration terms contained in the limited partnership agreement for a variety of reasons. In denying the requested transfer the court found that there existed a material question of fact as to the decedent's status as a partner. The court further concluded that the outcome of the case will turn on a determination of the decedent's status as a partner. By means of this appeal Appellants seek to have this determination reviewed. However, we decline to conduct such a review due to the Appellant's failure to promptly make an application to transfer the case to arbitration.

In *Miller v. E.W. Smith Co.*, 581 F.Supp. 817 (D.C.Pa. 1983) the court found that a waiver had occurred when a demand for arbitration of a dispute was made long after the suit was commenced and after both parties had engaged in extensive discovery. It ruled that the defendant's conduct, in waiting until discovery was closed and the case was ready for trial before asserting the application of an arbitration provision in a customer's contract, amounted to prejudice. The defendants in the *Miller* case were said to have manifested a clear intent to utilize the judicial process by both failing to affirmatively assert the arbitration clause either in their answer to the amended complaint or in a timely motion to dismiss and by taking full advantage of the discovery process. In contrast, in *Kirschner v. West Co.*, 185 F.Supp. 317 (D.C.Pa.1960) the court considered whether a defendant had waived an arbitration provision and found that such a waiver had not occurred where a motion for stay pending arbitration had been made within a reasonable time after the complaint had been filed.

In the instant case Appellee contends that the request to transfer the case to arbitration was not made within a reasonable time and that the delay in making this request and its resulting prejudice should work as a waiver of Appellants' claim. We agree. The plaintiff filed the original complaint in this action in June of 1982. Discovery began and an amended complaint was filed in April of 1986. Preliminary objections were filed followed by answers, new matters, cross-claims and counterclaims. A certificate of

Readiness was filed by Appellee to which Appellant Kenneth W. Behrend excepted. A scheduled pre-trial conference was then continued and additional discovery was conducted. Less than three weeks before the next scheduled pre-trial conference and nearly six years after the original complaint was filed, the court was presented for the first time with a motion requesting to have the case transferred to arbitration. As in *Miller*, this application for transfer to arbitration was not made promptly. Instead the defendants waited until six years had passed while in the meantime they took advantage of the judicial process including their rights to discovery. The Appellants conduct in waiting until the case was nearly ready for trial before moving to transfer the case to arbitration could only serve to further postpone resolution and settlement of the decedent's estate. In conclusion we find that the claim that this case should properly be heard in arbitration has been waived and we will not further consider the trial court's ruling on this matter.

Appeals at 1168 and 1169 Pittsburgh 1988 are quashed. Appeals numbered 997, 1152 and 1167 Pittsburgh 1988 from the order entered June 10, 1988 denying the requested motions for summary judgment are also quashed. The June 10, 1988 order which denied motions to transfer the case to arbitration and which is the subject of appeals at 997, 1152 and 1167 Pittsburgh 1988 is affirmed.