**Kovnat v. Selective Insurance Co.**

*James J. DeMarco,* for plaintiffs.
*Marc Myers,* for defendant.

HERRON, *J.,* May 1, 1996—

## PROCEDURAL BACKGROUND

By a February 23, 1996 order, this court vacated an order dated February 16, 1996 that had appointed an arbitrator in response to a petition by plaintiffs Brian Kovnat and Phyllis Sklar. In their petition, plaintiffs requested the appointment of a defense arbitrator so that their claim against defendant Selective Insurance Company could proceed to arbitration.[1]

---

1. 42 Pa.C.S. §§7303, 7342 sets forth the validity of a contractual provision that provides for arbitration of any dispute arising under

The plaintiffs supported their petition by setting forth only certain selective facts. They stated that plaintiff Brian Kovnat had been injured in an automobile accident with an uninsured motorist in a vehicle owned by plaintiff Phyllis Sklar on September 24, 1990. At the time of the accident, plaintiff Brian Kovnat was insured with liability, uninsured and underinsured motorist coverage through plaintiff Sklar's policy with the defendant insurance company. This insurance policy provided that disputes concerning claims would be settled through arbitration. The plaintiffs concluded their petition by noting that they had made a written demand for arbitration but that the defendant had failed to select an arbitrator; hence, the necessity for court intervention to appoint a defense arbitrator.[2] Plaintiffs' petition for appointment of a defense arbitrator, Phila. C.C.P., September term 1992, no. 2653 ¶¶1-7.

What the plaintiffs neglected to inform the court in their petition was that they had already submitted this claim to an arbitration hearing on June 21, 1995. Moreover, the arbitrators had entered the following order:

---

that contract. If a party refuses to arbitrate under this agreement, the opposing party can seek a court order compelling arbitration. See 42 Pa.C.S. §§7304, 7342.

2. There was no response attached to plaintiffs' petition to appoint an arbitrator. Instead, defendant Selective Insurance Company filed preliminary objections, which were presented separately for review. The plaintiffs, however, filed a response to these preliminary objections, thereby waiving any procedural irregularities. See *e.g., Duquesne Slag Products Co. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980) (although res judicata should be raised as "new matter" and not by preliminary objection, failure to object to this procedural irregularity constitutes waiver). See also, *Barbet v. Edelstein,* 346 Pa. Super. 488, 499 A.2d 1106 (1985).

"Finding in favor of all defendants and against plaintiffs as plaintiffs failed to present evidence. Finding in favor of plaintiffs and against counterclaimant, Selective, as Selective presented no evidence. *This award is entered by agreement of the parties.*" *Kovnat & Sklar v. Selective Insurance Co. of America,* Phila. C.C.P., September term 1992, no. 2653. Report and award of arbitrators dated June 21, 1995. (emphasis added)

Plaintiffs Kovnat and Sklar have failed to appeal this award. Plaintiffs also failed to inform the court in their petition seeking the appointment of an arbitrator that between the period when they filed their writ of summons against the defendant in September 1992 until the June 1995 arbitration hearing, the parties had invoked the jurisdiction of the court at least three times to impose discovery orders or impose sanctions for failure to adhere to discovery orders.[3]

The defendant Selective Insurance Company filed preliminary objections to defendant's petition for the appointment of a defense arbitrator.[4] In these preliminary objections, the defendant emphasized that the unappealed June 21, 1995 arbitration award estops the plain-

---

3. See *e.g.,* the following orders issued in *Kovnat & Sklar v. Selective Insurance Co.,* Phila. C.C.P., September term 1992, no. 2653:

(1) Order dated February 22, 1993 (ordering plaintiffs to answer defendant Pa. Assigned Claims Plan's interrogatories and request for production of documents)

(2) Order dated March 22, 1993 (ordering plaintiffs to answer defendant Selective Insurance Co. interrogatories and request for production of documents)

(3) Order dated February 15, 1995 (imposing sanctions on plaintiffs for failure to respond to discovery requests of defendant Pa. Financial Responsibility Assigned Claims Plan).

4. See note 2 *supra.*

tiffs from seeking yet another arbitration. By court order dated February 15, 1996, this court sustained defendant's preliminary objections and dismissed plaintiffs' petition for appointment of a defense arbitrator. Consequently, the order dated February 16 appointing a defense arbitrator was an error that was corrected by the February 23, 1996 order vacating it.

## DISCUSSION

When all the relevant facts are considered, plaintiffs were barred from submitting this case to yet another arbitration hearing by virtue of the unappealed arbitration award that was entered by agreement of all parties on June 21, 1995. Moreover, the plaintiffs at this point have waived the arbitration provision in the relevant insurance contract because they opted instead to initiate a civil suit against the various defendants; they engaged in discovery that necessitated court intervention at least three times; they petitioned to have the case transferred from the major nonjury list to arbitration; they submitted their case to a panel of arbitrators; and they failed to appeal this award. For these reasons, this court by order dated February 15, 1996 sustained defendant Selective Insurance Company's preliminary objections to plaintiffs' petition for the appointment of a defense arbitrator. The order of February 16, 1996 appointing a defense arbitrator was thus in error and properly vacated by the February 23, 1996 order.

1. *Finality of the Unappealed Arbitration Award Entered Into by Agreement of All Parties*

It is well established that a compulsory arbitration award "has the effect of a judgment" and is final if it is not timely appealed. *Romanovich v. Hilferty,* 212 Pa. Super. 570, 576, 245 A.2d 701, 705 (1968). See

generally, *Lough v. Spring,* 383 Pa. Super. 85, 556 A.2d 441 (1989). Pennsylvania Rule of Civil Procedure 1308(a) requires that an appeal from an arbitration award must be taken "not later than 30 days after the entry of the award on the docket." As the Superior Court observed in *Romanovich, supra* at 576, 572 A.2d at 705, "[a]n unappealed from award is final and *estops the party against whom it is made from proceeding further with the same cause of action.*" (emphasis added) Plaintiffs Kovnat and Sklar failed to effect a timely appeal; hence the arbitration award is final.

In initiating this action against defendant Selective Insurance Company, plaintiffs sought to recover for "lost wages, medical expenses and pain and suffering" on the theory that the defendant "failed to live up to their policy provision" and "refused to settle in good faith or negotiate in good faith" vis-a-vis plaintiffs' uninsured motorist claim. *Kovnat & Sklar v. Selective Insurance Co.,* complaint ¶¶27-28, 30. Defendant Selective Insurance Company responded with a counterclaim against plaintiff Brian Kovnat, asserting that it had paid him $5,485.84 response to his fraudulent claims. *Kovnat & Sklar v. Selective Insurance Co.,* answer & counterclaim of defendant Selective Insurance Co. ¶¶44-45.

This case was ultimately submitted to a compulsory arbitration hearing on June 21, 1995. According to defendant Selective, "at the time of the arbitration hearing, plaintiffs and moving defendant reached a compromise and settlement of all claims and counterclaims resulting from the motor vehicle accident giving rise to the case."[5] The plaintiffs, in contrast, argue that "the

---

5. Preliminary objections of defendant Selective Insurance Co. memorandum of law at 2.

only issues which could have been litigated against defendant were plaintiff's basis loss benefits which were withdrawn by failure to produce evidence resulting in a proper dismissal of the claim."[6]

The wording of the award by the arbitration panel supports the contrary position presented by the defendant Selective Insurance Company; the arbitration award was in effect, a settlement agreement[7] analogous to a consent decree between the parties resulting in the final discontinuance of this action. The award specifically found *"in favor* of all defendants and against plaintiffs as plaintiffs failed to present evidence." It also found *in favor* of the plaintiffs as to defendant Selective Insurance Company's counterclaim. In particular, it emphasized: "This award is entered by agreement of the parties."[8] By finding "in favor" of the respective parties "by agreement of the parties" this award is final. As the Pennsylvania Superior Court observed in *Barson's & Overbrook Inc. v. ARCE Sales Corp.,* 227 Pa. Super. 309, 312, 324 A.2d 467, 468 (1974), "[p]arties to an action may compromise a pending legal claim by entering into a valid contract of settlement. Where such an agreement accompanies a discontinuance [it] is forever barred and a new action cannot thereon be maintained."

The award in this case is also analogous to a consent decree in which a judgment is entered into by agreement of the parties. See *e.g,. Bailey v. Harleysville Mutual*

---

6. Plaintiffs' response to defendant Selective Insurance Co. preliminary objections, memorandum of law at 2.

7. Preliminary objections of defendant Selective Insurance Co., memorandum of law at 2.

8. *Kovnat & Sklar v. Selective Insurance Co.,* Phila. C.C.P., September term 1992, no. 2653. Report and award of arbitrators dated June 21, 1995.

*Insurance Co.,* 341 Pa. Super. 420, 423, 491 A.2d 888, 889 (1985). As the Superior Court observed, the doctrine of res judicata is applicable where "the judgment is entered into by agreement of the parties." *Bailey, supra* at 424, 491 A.2d at 890. The *Bailey* court explained that "[a]lthough a consent decree is not a legal determination by the court . . . it binds the parties with the same force and effect as if a final decree has been rendered after a full hearing upon the merits. . . . The fact that without the consent of the parties the court might not have rendered the judgment does not affect its effect as res judicata." *Id.* at 424-25, 491 A.2d at 890. See also, *A.C. Elfman & Sons Inc. v. Clime,* 355 Pa. Super. 394, 513 A.2d 488 (1986).

## 2. Plaintiffs' Waiver of Contractual Arbitration Provision

Pennsylvania courts have held that parties may waive contractual arbitration provisions by conduct that manifests a clear preference for a judicial resolution of their disputes. In *Samuel Marranca General Contracting Co. v. Amerimar Cherry Hill Associates,* 416 Pa. Super. 45, 610 A.2d 499 (1992), the Superior Court concluded that a defendant waived a contractual arbitration provision by his conduct. "Waiver," the *Marranca* court emphasized, "may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." *Marranca, supra* at 49, 610 A.2d at 501. The defendant in *Marranca* waived his right to compel arbitration pursuant to 42 Pa.C.S. §7304 by failing to petition to compel arbitration, by failing to assert arbitration as an affirmative defense, by waiting to compel arbitration until he had received adverse pre-

trial judgments and by initiating other proceedings in different jurisdiction on matters relating to the contract. According to the *Marranca* court, "[t]his conduct is inconsistent with Amerimar's [the defendant's] . . . contention that the arbitration provision is mandatory and not elective." *Id.* at 49, 610 A.2d at 501. Moreover, the court emphasized:

"Amerimar's actions clearly indicate its preference for judicial proceedings for resolution of disputes arising under the construction contract. In light of Amerimar's participation in the present action and its initiation of other suits relating to the construction contract in other jurisdictions, Amerimar cannot now contend that the arbitration provision is mandatory and not elective." *Id.* at 50, 610 A.2d at 501.

Plaintiffs Kovnat and Sklar argue that the insurance contract's arbitration provision precluded litigation of their claims against defendant Selective Insurance Company.[9] Yet even more manifestly than the defendant in *Marranca,* plaintiffs Kovnat and Sklar have expressed their intent for judicial proceedings to resolve their disputes with the defendants. It was the plaintiffs who initiated the lawsuit by filing first a writ of summons and then a complaint against four named defendants. This prompted the filing of answers asserting, inter alia, crossclaims (*i.e.,* by Pennsylvania Financial Responsibility Assigned Claims Plans) and counterclaims (by Selective Service Insurance Company). Plaintiffs responded to defendant Selective's answer by asserting "new matter." Court intervention was invoked three times regarding discovery disputes. Finally, it was the

9. Plaintiffs' response to the preliminary objections of defendant Selective Insurance Co., memorandum of law at 2.

plaintiffs who petitioned to transfer the case from the major nonjury list to arbitration, which was granted by order of Judge O'Keefe on October 12, 1994. By this conduct, plaintiffs clearly manifested their intent to resolve their disputes through litigation rather than through the contractual arbitration provision. See also, *Hallo v. Flore,* 386 Pa. Super. 178, 183, 562 A.2d 856, 858 (1989), *appeal denied,* 525 Pa. 612, 577 A.2d 544 (1990) (defendants waived arbitration where they waited six years to make their demand "while in the meantime they took advantage of the judicial process including their rights to discovery").[10]

## CONCLUSION

For the reasons set forth above, this court entered its order dated February 23, 1996 vacating the order of February 16, 1996 appointing an arbitrator in this matter.

---

10. The facts of this case are easily distinguishable from cases in which plaintiffs argue that a defendant's breach of a contractual arbitration provision rendered it liable to them in damages. *Cunningham v. Prudential Property & Casualty Insurance Co.,* 340 Pa. Super. 130, 489 A.2d 875 (1985). It is also distinguishable from a case in which a court denies a petition to appoint an arbitrator apparently prior to the commencement of any legal action, *McGinley v. Allstate Insurance Co.,* 352 Pa. Super. 139, 507 A.2d 420 (1986), or on the basis of its own interpretation of the scope of the contract. *National Grange Mutual Insurance Co. v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968). Finally, it is distinguishable from cases in which a petition to appoint an arbitrator is presented in the very early stages of a legal action where only an answer has been filed and no discovery has taken place. *Kwalick v. Bosacco,* 329 Pa. Super. 235, 478 A.2d 50 (1984).