493 A.2d 1389

**Robert Reid PRICE and Lehman James Snyder, Jr., Appellants,**

**v.**

**James R. MUSSELMAN and Nina M. Musselman, His Wife; Ridgley J. Hughes; Richard W. Harrison and Harriet Harrison, His Wife; Robert J. LaBar and Mabel R. LaBar, His Wife; Ralph E. Fish, Sr. and Josephine E. Fish, His Wife; and John D. Whitesell and Elizabeth M. Whitesell, His Wife, Appellees.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed May 31, 1985.

92

James A. Butz, Stroudsburg, for appellants.

Michael R. Muth, Stroudsburg, for appellees.

Before OLSZEWSKI, MONTGOMERY and LEDERER *, JJ.

MONTGOMERY, Judge:

The instant appeal is filed by the Plaintiff-Appellants, and it arises from an order by the lower court which granted summary judgment in favor of the Defendant-Appellees. The Appellants instituted an action to quiet title in the lower court, asserting an entitlement to an easement by necessity across properties owned by the Appellees. The lower court's grant of summary judgment was based upon its conclusion that the Defendant-Appellees were not the proper parties against whom the Appellants should have sought relief. We find merit in the Appellants' assertion that the lower court erred in reaching that conclusion.

The easement dispute in this case involves a forty-five (45) acre tract of land in Barrett Township, Monroe County, Pennsylvania. The record shows that in 1940, the Delaware, Lackawanna & Western Railroad Company conveyed this forty-five (45) acre tract to Stephen Kronick. The deed covering that conveyance contained the following provision.

It is expressly understood and agreed by the Grantee that no portion of the above described lands and premises

---

* Honorable William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

abuts upon a public highway and that the Grantor, its successors and assigns, shall not be required to furnish to or obtain for the Grantee, his heirs or assigns, a means of ingress, to, or egress from said lands and premises by a passageway along, across, and or under the adjoining lands of the Grantor, for the purpose of enabling the Grantee, his heirs and assigns, to reach a highway for any purpose whatsoever, and this conveyance is accepted by the Grantee on such express understanding.

Subsequently the entire tract was conveyed to Dr. J.M. DeKay in 1947. Later during the same year, Dr. DeKay and his wife, Della, conveyed a thirty-five (35) acre portion of the property to Inez Schaub. In that transaction, the Dekays did not explicitly reserve or create any right-of-way or easement in favor of Inez Schaub so as to allow her or any subsequent owner of the thirty-five (35) acre parcel to traverse across the remaining ten (10) acres of the original forty-five (45) acre property for egress towards a public road. In 1956, Della W. DeKay conveyed the remaining ten (10) acres to Edward and Elizabeth Harrison. The Harrisons subdivided the ten (10) acres into separate lots which they conveyed to the Appellees. Appellants own the former Schaub acreage.

The Appellants alleged in their Complaint that they have an interest in the Appellees' land as they are entitled to a right-of-way by necessity, in order to gain access to a public road. They asserted that a woods road traverses across the Appellees' lots from Appellants' own thirty-five (35) acre parcel, and provides access to a public road.

■ In related proceedings in the lower court, the Appellants had presented a petition for rule to show cause why the Appellees' properties should not be inspected and appraised. During a conference concerning that petition, the lower court apparently directed the parties to submit briefs concerning whether or not the Appellants' Complaint in the instant case stated a cause of action. Although the Appellees had already filed an Answer with New Matter, they

submitted a "Brief in Support of a Demurrer".[1] After the Appellants also submitted a legal memorandum, and oral argument was presented by the parties, the lower court issued its opinion and order. While it denominated the order as one granting "Defendants' Motion for Summary Judgment", it seems clear that the lower court did not consider any matter except the pleadings, as no affidavits, depositions, answers to interrogatories, admissions, or the like were submitted by the parties. See Pa.R.C.P. 1035, concerning summary judgment. The lower court's opinion states that the Appellants did not present "evidence" of the existence of the alleged woods road prior to a date in 1974 which the court deemed pertinent in the case. However, the Appellants were not faced with a motion for summary judgment, and it is evident that the lower court's rationale is based solely upon its review of the pleadings.[2]

We cannot agree with the conclusion that the Appellants could only proceed against the Railroad in this case. The whole forty-five (45) acre plot was apparently land-locked from a public road when the Railroad sold it. While the Appellants' thirty-five (35) acre parcel may still be separated from a public road by some of the land retained by the Railroad in 1940, it is possible that the Appellants are entitled to an easement by necessity over the Appellees' ten (10) acres in order to reach the edge of the Railroad's surrounding land, which must thereafter be traversed to reach the roadway. In other words, the purported woods road may provide the path of ingress and egress required for the access sought by the Appellants, even if the Appellants will thereafter deal with the Railroad's property rights before legal access all the way to a public road can be established. It is not possible to determine the exact status

1. A demurrer is properly raised in preliminary objections, prior to the filing of an answer by a party. See Pa.R.C.P. 1017(b)(4).

2. Under Pa.R.C.P. 1035(b), summary judgment may only be granted "... if the pleadings and any depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to the material facts and that the moving party is entitled to a judgment as a matter of law."

of the Appellants' access rights from the pleadings thus far filed by the parties.

The Appellants' Complaint, after reciting the relevant history of ownership of all of the land in issue, asserts that the woods road is described in the deed of one of the Appellees. Further, it is alleged that the woods road has been used by all parties as access to and from their respective properties, that it is so situated that access to a public road from the Appellants' property is not available except by the use of it, and that the Appellees have advised the Appellants that the latter would be unable to use it as a means of access. The Appellees, in their Answer and New Matter, did not even admit the existence of a woods road or that it was used for access by any party.

It cannot be said that the Appellants have failed to state a cause of action against the Appellees. It is well-established that when property conveyed is situated in a manner such that access to it from a public road cannot be had except by passing over the remaining land of the grantor, the grantee is entitled to an easement by necessity over the land of the grantor. See *Soltis v. Miller*, 444 Pa. 357, 282 A.2d 369 (1971), a case involving highly analogous circumstances to those presented in the instant case.

Seeking to convince this Court of the validity of the lower court's reasoning that the Railroad should have been the defendant in this action, the Appellees cite decisions holding that an easement by necessity can only arise when the lands in question were at some prior time a matter of common ownership. See *Wissler v. Hershey*, 23 Pa. 333 (1854). What the Appellees do not mention is that their properties and the property of the Appellants were all parts of the forty-five (45) original acres which were subdivided and conveyed to all of the parties, or their predecessors in title, by the DeKays. The Railroad was a distant grantor in the chain of title, before the forty-five (45) acre parcel was subdivided. The mere fact that the Railroad granted no right-of-way over its land outside of the forty-five (45) acre plot has nothing to do with the right of one or more

property owners in that later-subdivided property to have a right of way over lots belonging to others, but also within the same large original plot. Again, see *Soltis v. Miller, supra.*

■ There are certainly factual as well as legal disputes to be examined and resolved in this case before any party may be awarded a judgment. The lower court erred in granting summary judgment for the Appellees and in dismissing the Appellants' Complaint.

The Judgment of the lower court is reversed, the Appellants' Complaint is reinstated, and this case is remanded to the lower court for further proceedings. Jurisdiction is not retained.