515 A.2d 633

Mid-Atlantic Toyota Distributors, Inc., Petitioner *v.* Charles A. Bott, Inc., Respondent.

Argued June 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Arthur Newbold,* with him, *Jean Wegman Burns, Dechert, Price & Rhoads,* Of Counsel: *J. Coleman*

*Bean, C. Michael Deese* and *Brad D. Weiss, Webster, Chamberlan & Bean,* for petitioner.

*Robert McL. Boote,* with him, *Debra Klebanoff,* Of Counsel: *Wolf, Block, Schorr and Solis-Cohen,* for respondent.

OPINION BY JUDGE DOYLE, September 26, 1986:

Mid-Atlantic Toyota Distributors, Inc. (Appellant) appeals from an order of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) which determined that the Board had jurisdiction over a dispute between Appellant and its franchisee, Charles A. Bott, Inc. (Appellee). Because this issue involved a controlling question of law, the Board certified the matter for immediate appeal to this Court, and permission to appeal was granted.

Appellee is a vehicle dealer licensed in Pennsylvania, and Appellant is a vehicle distributor, also licensed in Pennsylvania, but with its principal place of business in Maryland. Since 1968, the parties have maintained a Toyota Sales and Service Agreement (Agreement) under which Appellee serves as a dealer of Toyota products. On February 14, 1985, Appellant notified Appellee that this Agreement was to be terminated in sixty days, on the basis of Appellee's "weak sales/penetration performance."

On April 11, 1985, Appellee filed a complaint with the Board alleging that the proposed termination was unlawful, unfair, unprovoked, not for good cause, and not in good faith. In accordance with Section 9(c) of the Board of Vehicles Act (Act), Act of December 22, 1983, P.L. 306, *as amended,* 63 P.S. §818.9(c), Appellee petitioned the Board for a hearing to determine whether such termination was for good cause and in good faith. Section 9(c) of the Act prohibits the termination of

a dealer's franchise "unfairly, without due regard to the equities of said dealer and without just provocation". Appellee's complaint also alleged other violations of the Act, specifically, Appellant's unreasonable withholding of consent to an ownership and management change, which, according to Appellee, had originally been required by Appellant, and Appellant's failure to respond to Appellee's request for consent to such ownership change within the statutorily prescribed time period. *See* 63 P.S. §§818.9(b)(3), (4) and (5).

On April 19, 1985, the Board notified Appellant that no termination would become effective until final determination of the issues before the Board. On May 10, 1985, Appellant filed a motion to dismiss asserting that the Board lacked jurisdiction to hear Appellee's claim of unlawful termination because the parties' Agreement provided that arbitration, in accordance with the Federal Arbitration Act (FAA), 9 U.S.C. §1 *et seq.*, was the exclusive remedy for determining whether or not cause existed for the termination of the Agreement. On June 21, 1985, the Board continued the hearing in order to review prehearing pleadings and memoranda filed by the parties, and on July 25, 1985, the Board issued the opinion which is the subject of this appeal.

Section 4 of the Act provides, in pertinent part, that the Board has the power and the duty to:

(1) provide for and regulate the licensing of salespersons, dealers, brokers, manufacturers, factory branches, distributors, distributor branches, factory or distributor representatives and wholesalers as defined in this act.

. . . .

(3) Investigate on its own initiative, upon complaint of the Department of Transportation, Department of Community Affairs, Department of Revenue or the Office of the Attorney General,

or upon the verified complaint in writing of any person, any allegations of the wrongful act or acts of any licensee or person required to be licensed hereunder.

63 P.S. §818.4(1), (3).

Pertinent provisions of the Agreement between Appellant and Appellee include Section XIIIG, which provides:

Any claim by DEALER that cause does not exist for termination of this Agreement by DISTRIBUTOR pursuant to paragraph XIII-B of this Agreement shall be settled by arbitration as hereinafter provided; and the parties agree that such arbitration shall be the exclusive method for determining whether the termination is proper under the terms of this Agreement,

and Section XIVG, which provides, in part:

The parties acknowledge and agree that this Agreement is [made] or is deemed to have been made in the County of Howard, State of Maryland, and shall be governed by and construed according to the laws thereof. If any provision herein contravenes the laws of any state or other jurisdiction wherein this Agreement is to be performed, such provision shall be deemed to be modified to conform to such laws, and all other terms and provisions shall remain in full force and effect.

We agree with the Board that the FAA is inapplicable to this case. Appellant argues that the arbitration clause (Section XIIIG) requires any claim arising out of the Appellee's termination to be settled by arbitration. Its argument is based primarily on the case of *Southland Corp v. Keating*, 465 U.S. 1 (1984). The clause under review in *Southland* provided for the arbitration of "[a]ny controversy or claim arising out of or relating

to this Agreement or the breach thereof." 465 U.S. at 4. The United States Supreme Court found that this language was broad enough to cover a complaint alleging violations of the California Franchise Investment Law, *id.*, and that therefore, Section 2 of the FAA, which applies to provisions calling for settlement by arbitration of controversies arising out of contracts evidencing transactions involving commerce or the refusal to perform all or part of any such contract, 9 U.S.C. §2 (1976), required arbitration of the California complaint.

As noted above, Section XIIIG provides for arbitration in a much narrower class of controversies than the provision at issue in *Southland*. Specifically, arbitration is required only of disputes pertaining to whether or not termination of the Agreement by the Distributor is proper *under the terms of the Agreement*. We believe that under the *Southland* case, this language would not be considered broad enough to cover complaints of violations of the Pennsylvania Act, notwithstanding the fact that such alleged violations may be related to the Agreement or the breach of the Agreement.

There is also the additional circumstance that in this case, the parties have stipulated that their Agreement is to be deemed modified by the laws of any state in which it is to be performed. Thus, to the extent that the arbitration clause conflicts with the Act, the latter must be considered controlling.[1] Appellant argues that the parties' stipulation to modify their Agreement according to state law is no different than the provision of the Cali-

---

[1] Similarly, if we look to Maryland law, we note that Maryland Transportation Code §15-209, Md. Transp. Code Ann. §15-209 (1977) prohibits unfair termination of a dealer's franchise and provides a dealer with a forum before the Maryland Motor Vehicle Administration to contest a wrongful termination. Thus, interpreting the arbitration clause to override either of these forums would be in contravention of both Pennsylvania and Maryland law.

fornia Franchise Investment Law considered in *Southland,* which stated, "Any condition, stipulation or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this law or any rule or order hereunder is void." California Corp. Code, §31512 (West 1977). The California Supreme Court had interpreted this provision to require judicial consideration of claims brought under such statute and, accordingly, refused to enforce agreements to arbitrate such claims. *Southland,* 465 U.S. at 5. The United States Supreme Court stated that, as interpreted, this provision directly conflicted with Section 2 of the FAA, and consequently, violated the Supremacy Clause. *Id.* The Court also stated that in enacting Section 2, Congress had declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which contracting parties had agreed to resolve by arbitration. *Id.*

Appellant's argument must fail for two reasons. First, in this case, it is not a provision of state law which purports to invalidate the arbitration clause, but the parties *own* agreement which expresses their intention to consider the laws of the states in which the Agreement is performed as controlling. We believe it is more than just a policy favoring arbitration which is at issue here. It is a policy which favors enforcing an *agreement* between parties. Thus, if the agreement of the parties is to limit the scope of arbitration, then that is the agreement which should be enforced. We think that is clearly the case here.

Second, we believe the policy expressed in *Southland* should be further clarified as extending only to *judicial* as opposed to *administrative* forums. In addition to the policy favoring arbitration, there also exists in the courts a longstanding public policy of hesitancy to interfere with administrative proceedings before all adminis-

trative remedies have been exhausted. *Hornblower & Weeks—Hemphill Noyes, Inc. v. Csaky,* 427 F. Supp. 814 (S.D.N.Y. 1977). In the present case, we are dealing with an administrative tribunal which has been specially established to deal with such claims. Thus, one of the main concerns of the *Southland* Court, *i.e.,* the prevention of forum shopping, would be wholly inapplicable. We also note that the FAA specifically requires a stay of judicial proceedings where one party moves to compel arbitration, but has no such requirement for a stay of administrative proceedings.[2] *See Bache Halsey Stuart, Inc. v. French,* 425 F. Supp. 1231 (D.D.C. 1977).

Finally, we note that interpreting *Southland* as extending to claims brought in administrative tribunals as well as in state and federal courts would result in the FAA being more preemptive of state law than if we interpret the holding of *Southland* narrowly. Preemption is not favored unless compelled by explicit congressional intent. *Penn Terra Ltd. v. Department of Environmental Resources,* 733 F.2d 267, 272-73 (3rd Cir. 1984).

For these reasons, we will affirm the order of the Board.

### ORDER

Now, September 26, 1986, the Order of the State Board of Vehicle Manufacturers, Dealers and Salespersons in File No. 85-MV-538, dated July 25, 1985, is hereby affirmed. The record is remanded to the Board for a determination of the case on the merits.

---

[2] Section 3 of the FAA provides that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. §3 (1976).