631 A.2d 684

**Raymond L. WEINMANN, Appellee,**

v.

**John F. MEEHAN, Sr., Mary K. Meehan, Executrix and John F. Meehan, Jr., Executor of the Estate of Mary Meehan, Deceased, John F. Meehan, Jr., Mary K. Meehan, Judith Bernicker and Michael Meehan, Appellants.**

Superior Court of Pennsylvania.

Argued July 1, 1993.

Filed Sept. 27, 1993.

---

Ira P. Tiger, Philadelphia, for appellants.

David N. Bressler, Blue Bell, for appellee.

Before DEL SOLE, BECK and HESTER, JJ.

DEL SOLE, Judge.

This is an appeal from a Judgment entered following an order confirming an arbitration award in favor of Appellee and against Appellants. We affirm.

Necessary to a discussion of the claim presented on appeal is a recitation of the procedural history of the parties' legal dispute which brought this case before us.

In 1989 Appellee, Raymond L. Weinmann, and Meehan–Weinmann, Inc., suing derivatively through Mr. Weimann, filed a Complaint in Equity. The Complaint named as defendants Meehan–Weinmann Inc., Thomas Hayes and each of the Appellants, with the exception of Michael Meehan. The defendants filed Preliminary Objections asserting that the court lacked jurisdiction because under the terms of a Shareholders Agreement and the Corporate By–Laws disputes were required to be submitted to arbitration under the auspices of the American Arbitration Association. The court sustained the defendant's preliminary objections and dismissed the Complaint without prejudice to the plaintiffs' right to assert their claims in arbitration.

In 1990 Appellee, Raymond Weinmann, filed a Demand for Arbitration with the American Arbitration Association naming as respondents those persons listed as defendants in the previous action and Michael Meehan. Two of the respondents, John Meehan Sr. and Meehan–Weinmann, Inc. filed a Counterclaim. An arbitrator was appointed and a hearing was held over a ten day period of time. The arbitrator ruled in favor of Appellee. Following the receipt of a petition to Confirm the Award and a Petition to Vacate or Modify the Award, the court ultimately confirmed the Award and Judgment was entered.

In ruling in Appellee's favor the court noted that the corporate by-laws directed that the arbitrator's decision would be final and binding, and that it was the defendants themselves who moved for a dismissal of the equity action by referencing the arbitration clause contained in the corporate by-laws. The court ultimately ruled that Appellants could not show any just reason to require the vacation or modification of the award under the rule requiring a common-law arbitration to be vacated or modified only where there is a clear showing that the losing party was denied a hearing, or that fraud, corruption, or other irregularity caused the issuance of an unjust, inadequate or unconscionable award. In challenging this decision Appellants assert that there was sufficient reason to refuse to confirm the award or to vacate or modify it

because the arbitrator exceeded his jurisdiction. Specifically Appellants assert that because they were never shareholders of Meehan–Weinmann, Inc., but rather directors and former directors they could not properly be subject to arbitration where monetary damages were sought and obtained.

We disagree. Appellants, with the exception of one, were each named as defendants in an earlier action. Precisely because they objected to the court's jurisdiction over them, their preliminary objections were granted. These objections pointed to clauses contained in the corporate by-laws which mandated that disputes be resolved by arbitration. Accepting the Appellants' position, the court did as they requested and dismissed Appellee's complaint, without prejudice to his rights to proceed against Appellants in arbitration. It is only after the arbitration action was filed, litigated throughout ten days of hearings and determined adversely to them that Appellants objected and argued that their status with the corporation made the by-laws' arbitration requirement inapplicable to them and arbitration an inappropriate forum to resolve the instant dispute. We conclude that under these circumstances Appellants are not entitled to the relief they seek.

We find this matter analogous to *Hallo v. Flore*, 386 Pa.Super. 178, 562 A.2d 856 (1989). Therein the plaintiff filed a complaint and discovery began, an amended complaint and preliminary objections, answers, new matters, cross-claims and counterclaims were filed. A short time before the scheduled pre-trial conference the court was presented for the first time with a motion requesting to have the case transferred to arbitration. The court accepted the plaintiff's argument that the defendant's untimely request for transfer of the case to arbitration caused delay and prejudice which should result in a waiver of the defendant's claim to transfer the matter. The court cited *Miller v. E.W. Smith Co.*, 581 F.Supp. 817 (D.C.Pa. 1983) where the defendants waited until discovery was closed and the case was ready for trial before they asserted the application of an arbitration provision in a customer's contract. The defendants were found in that case to have manifested a

clear intent to utilize the judicial process by their actions and the demand for arbitration of the dispute was disallowed.

■ Although this case does not concern the transfer of a matter to arbitration, we find the logic of the *Hallow* and *Miller* cases persuasive in light of the history of this case. While we are not unmindful that questions concerning an arbitrator's jurisdiction are a proper subject for a court to review, *Gaslin, Ins. v. L.G.C. Exports, Inc.,* 334 Pa.Super. 132, 482 A.2d 1117 (1984), we nevertheless rule that parties by their conduct may assent to have a matter resolved by a particular tribunal.

Appellants succeeded in having the first court action dismissed by arguing that it was properly a matter for arbitration. When arbitration was commenced, no objection was made by the original defendants in the civil action or by the newly named respondent, Michael Meehan. Appellants do not present for our review a transcript of the 10 days of proceedings before the arbitrator, and therefore there is no evidence in the record to show that they objected at any time during the proceedings to resolution of the dispute or any portion of it, by arbitration. We can only conclude that Appellants did not express concern on the record before the arbitrator that matters sought to be litigated were outside the arbitrator's jurisdiction.

We will not allow Appellants to ask the courts to recognize that a matter be resolved in arbitration, proceed through the arbitration process, without objection, and when receiving an adverse award, object to the resolution of the matter by arbitration. We will not sanction this type of process.

Judgment affirmed.