669 A.2d 387

**George E. WILLIAMS, Appellant,**

v.

**GRUNTAL & COMPANY and Ronald Chackler, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1995.

Filed Dec. 29, 1995.

---

Dexter R. Hamilton, Philadelphia, for appellant.

Edward G. Donnelly, Jr., Philadelphia, for appellees.

Before POPOVICH, JAMIESON and HOFFMAN, JJ.

JAMIESON, Judge.

This appeal is from an order entered by the Court of Common Pleas of Philadelphia (Nigro, J., presiding) sustaining preliminary objections in the nature of a demurrer and dismissing appellant's cause of action. On this appeal, appellant raises a single issue: whether the trial court erred in enforcing the arbitration clause contained in a broker's agreement entered into by the parties. Finding no error, we affirm.

■ The general facts of this case are undisputed; indeed since the issue arises as a result of the grant of demurrer, the factual record is defined by the content of plaintiff's complaint.[1] That record establishes that appellant, on or about January 12, 1990, opened a brokerage account with appellee, Gruntal & Company, and deposited one hundred eighty three thousand dollars ($183,000.00). The broker in-charge of appellant's account was appellee Ronald Chackler. Mr. Chackler was an authorized agent of Gruntal and Company. During the time period from January, 1990, until the end of 1991, appellee Chackler engaged in a course of unauthorized and unethical conduct which resulted in appellant's account being "nearly depleted."

Appellant sued Gruntal & Company and Mr. Chackler for the return of the mishandled money. His complaint averred causes of action for breach of contract, and conversion,[2] and asserted liability against Mr. Chackler, individually, and against the company under a theory of respondent superior.

As indicated above, appellees filed preliminary objections in the nature of a demurrer. The demurrer was grounded upon an arbitration clause which was contained in the brokerage agreement entered into between appellant and the appellees.[3] That agreement provided in relevant part:

ARBITRATION (THIS PARAGRAPH 14 IS AN AGREE-MENT TO ARBITRATE CERTAIN DISPUTES).

* Arbitration is final and binding on its parties.

* The parties are waiving their right to seek remedies in court including the right to jury trial.

1. In filing a demurrer the demurring party admits all well pleaded material facts. *Price v. Musselman*, 343 Pa.Super. 90, 493 A.2d 1389 (1985).

2. Significantly, plaintiff did not allege that there was fraud or over-reaching in the inducement to open the brokerage account or sign the brokerage agreement.

3. Plaintiff did not originally plead the existence of this brokerage agreement, but in response to appellees' preliminary objections, he admitted that he executed such an agreement. *See* Plaintiff's Answers to Preliminary Objections paragraph 8.

* Pre-arbitration discovery is generally more limited than and different from court proceedings.
* The arbitrators award is not required to include factual findings or legal reasoning and any party's right to appeal or to seek modification of rulings by the arbitrators is strictly limited.
* The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.

*Any dispute I now or hereafter may have with Gruntal or Regional or any of their respective current or former officers, directors, agents and or employees, arising out of or relating to any of my accounts with Gruntal or Regional or to transactions heretofore or hereafter made therein or to any agreement between myself and Gruntal or Regional, shall be settled by arbitration. Subject to the constitution and rules of any self-regulatory organization, any such arbitration shall be held in the City of New York before the facilities of The New York Stock Exchange, Inc. The National Association of Securities Dealers or any other self-regulatory organization having jurisdiction, as I may elect and shall be conducted pursuant to the Federal Arbitration Act, the laws of the State of New York and the rules of the selected arbitral facility. If I do not make such election by certified mail addressed to you in care of your Legal Department within five days after I receive notice from you requesting such election, then I authorize you to make such election on my behalf. The award of the arbitrators, or a majority of them, shall be final. Judgment upon the award rendered may be entered in any court in the City of New York having jurisdiction to which jurisdiction I hereby consent. This agreement to arbitrate does not apply to disputes arising under certain laws to the extent it has been determined as a matter of law by controlling authority that I cannot be compelled to arbitrate such claims.*

Preliminary Objections of Defendants, Exhibit B, paragraph 14 [emphasis in original].

■ In Pennsylvania, agreements to conduct litigation in an alternative forum are enforceable. *Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 209 A.2d 810 (1965). Moreover, when parties agree to arbitration in a clear and unmistakable manner, then every reasonable effort will be made to favor such agreements. *Emmaus Municipal Authority v. Eltz,* 416 Pa. 123, 125, 204 A.2d 926, 927 (1964); *Capecci v. Capecci, Inc.,* 11 Pa.D & C 2d 459 (1957) aff'd, *per curiam,* at 392 Pa. 32, 139 A.2d 563 (1958). However, if the agreement to proceed in the alternative forum has the effect of seriously impairing the plaintiff's ability to pursue a cause of action, the court will strike such an agreement as unreasonable. *Central Contracting Co. v. C.E. Youngdahl, supra; Maleski by Taylor v. D.P. Realty Trust,* 653 A.2d 54, 64 (Pa.Cmwlth.1994).

■ In the present case the arbitration clause is clear and unmistakable. Additionally, it is undisputed that appellant will have an opportunity to proceed in a regulated forum under published guidelines: specifically the New York Stock Exchange Rules published at CCH New York Stock Exchange Guide, Vol. 2 § 2600 *et seq.* The opportunity to proceed in this forum completely undercuts appellant's position that his right to pursue his cause of action has been seriously impaired. Consequently, the decision of the trial court to enforce the arbitration clause is in conformance with the law of this Commonwealth.

The order of the Court of Common Pleas of Philadelphia is affirmed.