## Lang Tendons Inc. v. American Spring Wire Corp.

322

C.P. of Philadelphia County, November Term 2000, no. 2695.

*Travis L. Kreiser,* for plaintiff.
*Edward J. McGinn Jr.,* for defendant.

HERRON, *J.,* February 5, 2001—Petitioner Lang Tendons Inc. has filed a petition to vacate arbitration award. Respondent American Spring Wire Corp. has filed a response and a request that judgment based on the disputed award be entered. For the reasons set forth in this opinion, the court is denying the petition and ordering that judgment in this matter be entered.

## BACKGROUND

During 1990 and 1991, Lang purchased steel strand from ASW for use in constructing anchors in a project for Ram Engineering and Construction Inc. In the sales contracts, which were drafted by Lang, ASW warrants that the strand "shall be merchantable, shall be free from defects in materials, workmanship, design and title, shall

conform to [Lang's] specifications, drawings, descriptions and any approved sample, and shall be fit for [Lang's] intended purpose." Contract at ¶7. The contract also includes an arbitration provision stating that the contract is governed by Pennsylvania law and that, at Lang's sole option, "all disputes are subject to arbitration according to the Construction Industry Arbitration Rules of the American Arbitration Association." Contract at ¶14.

Ram discovered that the anchors were defective and instituted litigation against Lang. Because Lang alleged that the anchors' defects were due to contamination left on the strand during ASW's manufacturing process, it initiated an arbitration action against ASW pursuant to the contract's arbitration clause. ASW responded with a counterclaim based on Lang's failure to pay for the strand.

Arbitrator Samuel H. Karsch held evidentiary hearings on the parties' claims pursuant to the American Arbitration Association Construction Industry Rules. According to Lang, Karsch improperly excluded evidence critical to its case, including parts of the testimony of Lang's expert and a scholarly article that supported Lang's expert's theories. Karsch also refused to admit documents that allegedly constitute admissions of liability and causation on ASW's part and prevented Lang from cross-examining ASW's sole witness about the documents. When Lang asked to call a rebuttal witness, Karsch allegedly refused to allow the witness to be subpoenaed. Lang argues that this conduct violates the AAA rule that a hearing should be closed when the arbitrator is "satisfied that the presentation of the parties is complete." AAA Construction Industry Rule R-35.

On October 27, 2000, Karsch issued an award that denied each party's claim against the other. Lang subsequently filed the petition, asserting that the award is defective under the standards set forth in the Federal Arbitration Act[1] and must be vacated. ASW responded by arguing that the award is governed by common-law arbitration rules, that there are no improprieties requiring vacation of the award and that judgment based on the award must be entered.

## DISCUSSION

As a general rule, Pennsylvania favors the settlement of disputes by arbitration. *Goral v. Fox Ridge Inc.,* 453 Pa. Super. 316, 321, 683 A.2d 931, 933 (1996). Under Pennsylvania law, which governs the contract,[2] agreements to arbitrate are presumed to relate to common-law arbitration "unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to" a specific statute. 42 Pa.C.S. §7302. Specifically, "[a]n agreement to arbitrate in accordance with the rules of the AAA is an agreement pursuant to common-law arbitration." *Midomo Co. v. Presbyterian Housing Development Co.,* 739 A.2d 180, 183 (Pa. Super. 1999) (citing, inter alia, *Runewicz v. Keystone Insurance Co.,* 476 Pa. 456, 461, 383 A.2d 189, 191 (1978)).

---

1. 9 U.S.C. ch. 1.

2. Where a contract orders the application of Pennsylvania law, courts of the Commonwealth have followed the contract's mandate. See *e.g., Miller v. Allstate Insurance Co.,* 763 A.2d 401 (Pa. Super. 2000) (Pennsylvania procedure for vacation of arbitration awards applied where an insurance policy was governed by New Jersey law but required application of local rules of law for procedural purposes).

Here, Lang demanded that the arbitration be held pursuant to the AAA Construction Industry Rules. In addition, there is no reference to an arbitration statute in paragraph 14, creating a presumption that the arbitration is of the common-law variety. This absence is even more damning in light of the fact that any ambiguity must be construed against Lang, as it was the contract's drafter. See *Reilly Associates v. Duryea Borough Sewer Authority*, 428 Pa. Super. 460, 464, 631 A.2d 621, 623 (1993) ("a written agreement is construed against its drafter").

If the contract did not have a choice of law provision, Lang's arguments as to the FAA's applicability might be more persuasive. However, the parties agreed that the contract would be governed by Pennsylvania law, of which section 7302 is a part. Because there is no mention of the FAA, as would be necessary for it to govern, the court must review the award as a common-law arbitration award.[3]

---

3. By contrast, in those Pennsylvania cases where the FAA is applied, either there is no reference to Pennsylvania law or the parties name the FAA specifically. See *e.g., Williams v. Gruntal & Co.,* 447 Pa. Super. 357, 669 A.2d 387 (1995) (parties agreed that disputes would be resolved by arbitration conducted pursuant to the FAA); *Dickler v. Shearson Lehman Hutton Inc.,* 408 Pa. Super. 286, 596 A.2d 860 (1991) (no choice of Pennsylvania law provision noted). Cf. *Borgia v. Prudential Insurance Co.,* 561 Pa. 434, 750 A.2d 843 (2000) (where no statute was specified in the arbitration clause, common-law arbitration rules applied); *Mid-Atlantic Toyota Distributors Inc. v. Charles A. Bott Inc.,* 101 Pa. Commw. 46, 515 A.2d 633 (1986) (where contract requiring arbitration mandated that the contract be modified to conform to the laws of the state of performance, Pennsylvania law prevented application of the FAA). Similarly, federal cases applying the FAA are inapposite here, as the facts in those cases do not indicate that there was a choice of law provision. See *e.g., Southland Corp. v.*

A common-law arbitration award may be vacated only on very limited grounds:

"The award of an arbitrator in a nonjudicial arbitration which is not subject to subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. §7341.[4]

A party seeking vacation of a common-law arbitration award thus bears a heavy burden of proof. *Allegheny Home Improvement Corp. v. Franklin,* 308 Pa. Super. 225, 235, 454 A.2d 103, 108 (1982).

When a party petitioning to vacate an arbitration award presents inadequate evidence to support its argument, a court may not grant the party's petition. In *Carroll v. State Farm Mutual Automobile Insurance Co.,* 420 Pa. Super. 215, 616 A.2d 660 (1992), for example, the petitioning party did not present a transcript of the arbitration hearing, and the opposing party admitted no wrongdoing. This led the Superior Court to the following conclusion:

"As is evident from the preceding, the account of the plaintiff is presented in her brief, a factor which undermines our ability to place any credence in that which is

*Keating,* 465 U.S. 1 (1984) (no choice of law provision mentioned in concluding that the FAA applied); *Pennsylvania Data Entry Inc. v. Nixdorf Computer Corp.,* 762 F. Supp. 96 (E.D. Pa. 1996) (same).

4. This differs from a statutory arbitration award, which a court may vacate on a wider range of grounds, including evident partiality. 42 Pa.C.S. §7314.

asserted therein. . . . Even if such were not the case, the plaintiff fails in her effort to inform the court of the *basis* for the arbitrators' award. In fact, she recommends that we 'imply' from the award issued the underlying rationale for the arbitrators' actions. This is not consistent with either law or logic." 420 Pa. Super. at 226-27, 616 A.2d at 666. (citations omitted) (emphasis in original) See also, *Weinmann v. Meehan,* 428 Pa. Super. 582, 586, 631 A.2d 684, 686 (1993) (where the party seeking vacation did not present a transcript of the arbitration hearing, there was no evidence that the party had raised an objection at the hearing, thus precluding consideration of the objection); *Whitt v. Philadelphia Housing Authority,* 325 Pa. Super. 135, 144, 472 A.2d 684, 689 (1984) ("[a] reviewing court may not second-guess a factfinder, where, as here, there is no transcript of the testimony and the reviewing court thus has no means by which to weigh the sufficiency of the evidence or to change the factual findings made therefrom").

In the instant matter, Lang has presented no evidence whatsoever to convince the court that Karsch's actions rise to the level of misconduct required by section 7341. While Lang's documents address the propriety of Karsch's decisions, they rely entirely on argument and conclusory statements. No portion of any transcript has been submitted, and the only documents not authored by Lang or its counsel are the AAA Rules and three one-page notices from Karsch. Without additional evidence, the court cannot find that the requirements of section 7341 have been met and must deny the petition.

Under 42 Pa.C.S. §7342(b), a court must confirm a common-law arbitration award and enter judgment ac-

cordingly "[o]n application of a party made more than 30 days after an award is made . . . ." Here, the award was made more than 30 days ago, and ASW has requested that judgment in this matter be entered. Consequently, the court is obliged to confirm the award and enter judgment.[5]

## CONCLUSION

The principles governing common-law arbitration apply to the arbitration and preclude the court from vacating the award. As a result, the petition is denied, and the award is confirmed.

## ORDER

And now, February 5, 2001, upon consideration of the petitioner Lang Tendons Inc.'s petition to vacate arbitration award, the response thereto of respondent American Spring Wire Corp. and all other matters of record, and in accordance with the opinion being filed contemporaneously with this order, it is ordered and decreed that the petition is denied. The arbitration award in American Arbitration Association case no. 14110 00229 99 is confirmed, and judgment is entered accordingly.

---

5. ASW also requests attorneys' fees and costs. However, "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Snyder v. Snyder,* 533 Pa. 203, 212, 620 A.2d 1133, 1138 (1993). Because ASW does not have any basis for requesting attorneys' fees, its request is denied.