J-A18021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALWAYS BUSY CONSULTING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BABFORD & COMPANY, INC. | : | No. 94 WDA 2019 |
| BABFORD & COMPANY, INC. | : | |
| v. | : | |
| | : | |
| | : | |
| ALWAYS BUSY CONSULTING, LLC | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 28, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-18-005205,
GD-18-005466

| | | |
|---|---|---|
| ALWAYS BUSY CONSULTING, LLC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BABFORD & COMPANY, INC. | : | No. 330 WDA 2019 |
| BABFORD & COMPANY, INC. | : | |
| v. | : | |
| | : | |
| | : | |
| ALWAYS BUSY CONSULTING, LLC | : | |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered January 31, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-18-005205 & GD-18-005466

| | | |
|---|---|---|
| ALWAYS BUSY CONSULTING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BABFORD & COMPANY, INC. | : | No. 387 WDA 2019 |
| BABFORD & COMPANY, INC. | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALWAYS BUSY CONSULTING, LLC | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered February 26, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-18-005205,
GD-18-005466

BEFORE: BENDER, P.J.E., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED:  July 7, 2021**

Appellant Always Busy Consulting, LLC, appeals from the judgment in favor of Appellee Babford & Company, Inc.  This case returns to us upon remand by our Supreme Court.  Appellant contends that the trial court erred by denying its petition to modify or vacate the arbitration award because the arbitrator exceeded his authority and erred by awarding attorneys' fees to Appellee.  We affirm the December 28, 2018 order denying Appellant's petition to vacate or modify the arbitration award, vacate the judgment entered on January 31, 2019, vacate the February 26, 2019 order awarding Appellee attorneys' fees, and remand to have the trial court apply the applicable law in resolving Appellee's motion for attorneys' fees.

- 2 -

J-A18021-19

We state the procedural history as set forth by our Supreme Court:

Appellant . . . was involved in a contractual payment dispute with [Appellee]. An arbitrator ruled in favor of [Appellee] and awarded $15,937, which was later amended to include counsel fees, interest and costs, for a total award to [Appellee] of $32,996. [Appellant] filed a Petition to Vacate or Modify Arbitration Award (petition to vacate) in the Allegheny County Court of Common Pleas at docket number GD-18-005205 (docket number 5205). [Appellee] filed a Petition to Confirm Arbitration Award and Oppose Petition to Vacate or Modify (petition to confirm) in the Allegheny County Court of Common Pleas at docket number GD-18-005466 (docket number 5466). The parties then filed a joint motion to consolidate the two petitions, and by order dated June 26, 2018, the court granted the motion, established docket number 5205 as the lead docket for filing purposes, and ordered the caption of the consolidated cases be modified to reflect the same. Following the submission of briefs and oral argument, on December 2[8], 2018, the court entered an order that denied the petition to vacate and confirmed the arbitration award in favor of [Appellee].

*Always Busy Consulting, LLC v. Babford & Co., Inc.*, 247 A.3d 1033, 1035 (Pa. 2021) (footnotes omitted). Appellant appealed, and the trial court did not order Appellant to comply with Pa.R.A.P. 1925(b). This Court quashed the appeal on the basis of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), and our Supreme Court reversed and remanded to have this Court address the merits. *See Always Busy Consulting*, 247 A.3d at 1043.

The factual background is as follows. Appellant is a consulting company that was retained by a Pittsburgh government agency for an urban redevelopment project. R.R. at 102a.[1] Appellant, in turn, executed a

_____

[1] We may cite to the reproduced record for the parties' convenience.

- 3 -

subcontractor agreement with Appellee on April 20, 2016, in which Appellant would pay up to $20,000.00 to Appellee, in exchange for Appellee providing consulting services and project management. *Id.* at 17a; Appellant's Brief at 7; Appellee's Brief at 1. In relevant part, the subcontractor agreement contained the following arbitration clause:

> 12. <u>Arbitration</u>: Any controversy or claim arising out of or relating to this Agreement, including its validity or any alleged breach, shall be settled in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment on the award may be entered in any court having jurisdiction thereof. As part of any arbitration award, the prevailing party shall be awarded, in addition to the claim, all costs of such arbitration, including without limitation the costs of arbitration and attorneys' fees.

R.R. at 19a. Throughout the remainder of 2016, Appellee submitted invoices for services rendered, which Appellant paid.

In December 2016, Appellee provided additional services that Appellee claimed were outside the scope of the original subcontractor agreement and which form the basis of the underlying arbitration proceeding. Appellee invoiced Appellant for those additional services, and Appellant refused to pay, which prompted Appellee to file a petition for arbitration on August 30, 2017, pursuant to the above arbitration clause. R.R. at 102a.

At the arbitration hearing, the parties presented testimony and evidence that the parties were disputing payment over work done outside the scope of the subcontractor agreement. R.R. at 13a. At no point in the arbitration did Appellant argue that the dispute was outside the scope of the arbitration

clause in the subcontractor agreement or the arbitrator's authority. **See** N.T. Arbitration Hr'g, 1/9/18, at 1-221. On March 21, 2018, the arbitrator ruled that Appellee was entitled to payment for the work done for Appellant and awarded $15,937.50 to Appellee but he did not award any attorneys' fees. R.R. at 12a-13a.

On April 20, 2018, Appellant timely filed a petition to vacate or modify the arbitration award with the trial court. On December 28, 2018, the trial court denied Appellant's petition to vacate or modify arbitration award and also confirmed the award. Order, 12/28/18.

On January 4, 2019, Appellee's counsel filed a declaration in support of bill as to fees/costs, which alleged $18,585.00 in attorneys' fees. R.R. at 301a. On February 15, 2019, Appellant filed a response in opposition, which argued in relevant part that attorneys' fees may be awarded only as part of an arbitration award, *i.e.*, not as part of a trial court proceeding. R.R. at 319a-20a. The trial court did not immediately rule on Appellee's declaration.

Meanwhile, on January 10, 2019, Appellant filed a premature notice of appeal from the trial court's December 28, 2018 order. The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b), but the court filed a Rule 1925(a) opinion. Rule 1925(a) Op., 1/17/19. On January 25, 2019, this Court ordered Appellant to file a praecipe to enter judgment with the trial court to perfect its appeal. Order, 1/25/19. On January 31, 2019, upon Appellant's

praecipe, the trial court entered judgment in favor of Appellee, "in the amount of $15,937.50, plus interest, costs, and fees . . . ."[2] R.R. at 311a.

At some point in time, Appellee filed a motion to clarify the amount of judgment and for fees/costs, which revised the requested amount of attorneys' fees to $20,545.00.[3] On February 26, 2019, the trial court granted Appellee's motion and awarded $12,500.00 in attorneys' fees to Appellee. R.R. at 337a. The trial court asserted that Appellant's filing of a praecipe for entry of judgment for "$15,937.50, plus interests, costs, and fees," was "an express concession by [Appellant] that [Appellee was] entitled to fees as the prevailing party . . . ." *Id.* at 338a. The trial court additionally reasoned that the agreement's fee clause should be construed to include proceedings challenging any arbitration decision because otherwise the principles underlying arbitration would be nullified if a non-prevailing party could repeatedly or frivolously challenge an arbitration decision. *Id.*

On appeal, Appellant raises two issues:

1. Did the trial court abuse its discretion and commit an error of law when it denied Appellant's Petition to Modify or Vacate

---

[2] Appellant's praecipe to enter judgment was not transmitted to this Court as part of the certified record but was in the reproduced record. "As [its] veracity is not in dispute, we rely on the copy contained within the reproduced record." *C.L. v. M.P.*, --- A.3d ---, ---, 2021 WL 2133097, at *2 n.3 (Pa. Super. 2021) (formatting altered and citation omitted).

[3] This motion was not transmitted to this Court as part of the certified record and is not reflected in the docket. The order granting the motion was also not in the certified record but was in the reproduced record. *See C.L.*, 2021 WL 2133097 at *2 n.3.

Arbitration Award upon determining that the arbitrator had not exceeded the scope of its authority?

2. Did the trial court abuse its discretion and commit an error of law when it awarded Appellee attorneys' fees incurred as a result of litigation before the trial court, despite a lack of express statutory authorization, a clear agreement by the parties, or an established exception to support that award?

Appellant's Brief at 6.

In support of its first issue, Appellant contends that the arbitrator exceeded the scope of its authority by finding that the parties executed an oral contract, and by awarding a sum that exceeded the contracted-for amount of $20,000.00 in the original subcontractor agreement. *Id.* at 8, 13. Appellant reasons that the arbitrator's scope of its authority was set forth in the arbitration provision of the subcontractor agreement and that Appellee invoked arbitration for a breach of that agreement. *Id.* at 16. Appellant asserts that Appellee never argued a breach of any alleged oral contract. *Id.* at 17. Therefore, Appellant reasons that because the arbitrator "based its decision on a theory of relief that was not submitted to it," the arbitrator exceeded the scope of its authority.[4] *Id.* at 19-20.

_____

[4] Appellee counters that Appellant "required additional work . . . that was beyond the scope of the original" subcontractor agreement the parties signed. Appellee's Brief at 1. Appellee contends that the parties orally and in "other various forms of written communication" set forth the additional work at issue. *Id.* at 1-2. Appellee asserts that it performed the work and submitted invoices to Appellant, which Appellant failed to pay and which led Appellee to initiate arbitration. *Id.* In Appellee's view, it presented "additional legal theories such as 'promissory estoppel,'" in support of relief and Appellant "never
*(Footnote Continued Next Page)*

"A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law."[5]  ***Weinar v. Lex***, 176 A.3d 907, 914 (Pa. Super. 2017) (citation omitted).  We may also affirm on any basis.  ***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 277 (Pa. Super. 2016).

Because "[t]he arbitrators are the final judges of both law and fact, their award [is] not . . . subject to reversal for a mistake of either."  ***Cargill v. Northwestern Nat. Ins. Co. of Milwaukee, Wis.***, 462 A.2d 833, 835 (Pa. Super. 1983) (citations omitted).  Therefore, the "award of an arbitrator in a common law arbitration is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable

---

refuted these legal arguments" because Appellant was aware that the invoices were for work outside the scope of the parties' agreement.

[5] "Pennsylvania makes available two statutory schemes for arbitration of cases not filed in court.  One, the Uniform Arbitration Act, 42 Pa.C.S. §§ 7301-7320, governs arbitrations under agreements that expressly provide that they are subject to that Act or any other similar statute.  All other arbitration agreements are conclusively presumed to be governed by what the Judicial Code calls common law arbitration under 42 Pa.C.S. §§ 7341-7342.  No party to this case contends that the arbitration agreement at issue here falls under the Uniform Act; accordingly, the Judicial Code's common law provisions apply to this case." ***Weinar***, 176 A.3d at 913-14 (formatting altered and some citations omitted).  Instantly, because the subcontractor agreement did not state arbitration was subject to the Uniform Arbitration Act, "the Judicial Code's common law provisions apply to this case." ***See id.***; ***Moscatiello v. Hilliard***, 939 A.2d 325, 330 (Pa. 2007) ("Because the agreements do not expressly provide for statutory arbitration, the agreements are conclusively presumed to be pursuant to the procedural rules of common law arbitration.").

or unconscionable award." ***Roccograndi v. Martin***, 214 A.3d 251, 256 (Pa. Super. 2019) (citations omitted). "In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself." ***Gargano v. Terminix Int'l Co., L.P.***, 784 A.2d 188, 193 (Pa. 2001) (citation omitted).

"In addition, as the arbitrator's authority is restricted to the powers the parties have granted them in the arbitration agreement, we may examine whether the common law arbitrator exceeded the scope of his authority." ***Id.*** (citations omitted). Although "questions concerning an arbitrator's jurisdiction are a proper subject for a court to review, . . . parties by their conduct may assent to have a matter resolved by a particular tribunal." ***Weinmann v. Meehan***, 631 A.2d 684, 686 (Pa. Super. 1993) (citation omitted). In ***Weinmann***, this Court held that because the appellants "did not express concern on the record before the arbitrator that matters sought to be litigated were outside the arbitrator's jurisdiction," the appellants assented to the arbitrator's jurisdiction. ***Id.***

To the extent this Court is asked to construe the arbitration agreement, "[w]ell-settled principles of contract interpretation are employed." ***Neuhard v. Travelers Ins. Co.***, 831 A.2d 602, 604-05 (Pa. Super. 2003). In ***Provenzano v. Ohio Valley Gen. Hosp.***, 121 A.3d 1085 (Pa. Super. 2015), we explained that

> courts should apply the rules of contractual construction[], adopting an interpretation that gives paramount importance to the

intent of the parties and ascribes the most reasonable, probable, and natural conduct to the parties. In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement.

The court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement. The court will adopt an interpretation that is most reasonable and probable bearing in mind the objects which the parties intended to accomplish through the agreement.

If it appears that a dispute relates to a contract's subject matter and the parties agreed to arbitrate, all issues of interpretation and procedure are for the arbitrators to resolve.

*Provenzano*, 121 A.3d at 1095 (citations omitted and formatting altered).

As the *Neuhard* Court noted, the "scope or the application of the arbitration clause itself may be an arbitrable issue, which the arbitrators are to decide." *Neuhard*, 831 A.2d at 605 (citation omitted).

Here, upon thorough review of the entire arbitration hearing, at no point did Appellant express any concern about whether the contractual issue before the arbitrator was outside the scope of the arbitration agreement, *i.e.*, "that matters sought to be litigated were outside the arbitrator's jurisdiction." **See** **Weinmann**, 631 A.2d at 686. Therefore, to quote the **Weinmann** Court, Appellant "assent[ed] to have a matter resolved by" the arbitrator and cannot now challenge the arbitrator's scope of authority. **See id.**

Further, to paraphrase the **Provenzano** Court, because it "appears that a dispute relates to" the subcontractor agreement's "subject matter and the parties agreed to arbitrate, all issues of interpretation and procedure are for

- 10 -

the arbitrators to resolve." *See Provenzano*, 121 A.3d at 1095. Therefore, Appellant was obligated to challenge the "scope or the application of the arbitration clause," which was for the arbitrator to decide. *See Neuhard*, 831 A.2d at 605. Because Appellant did not raise the issue of whether the parties' payment dispute was within the scope or application of the arbitration clause of the subcontractor agreement, we affirm the trial court's order denying Appellant's motion to vacate or modify the arbitration award, albeit on different grounds. *See Lenfest*, 152 A.3d at 277.

Appellant's second issue is that the trial court abused its discretion in awarding Appellee attorneys' fees. Appellant's Brief at 21. Appellant emphasizes that the arbitration clause established that the parties only "bargained for an award of attorneys' fees with respect to the arbitration proceeding alone." *Id.* at 23. In Appellant's view, the trial court improperly modified the arbitration agreement by awarding attorneys' fees arising from the subsequent litigation, *i.e.*, fees associated with the proceeding before the trial court to vacate or modify the arbitration award. *Id.* at 24. Appellant also disagrees with the trial court's reasoning that when Appellant filed a praecipe for judgment, it expressly conceded that Appellee was entitled to attorneys' fees. *Id.* at 21-22. Appellant concludes that Appellee has not stated an established exception or statutory authorization for award of attorneys' fees. *Id.*

Appellee counters by agreeing with the trial court's reasoning that by filing a praecipe to enter judgment including costs and fees, Appellant "expressly waived any defenses to a fee award and, indeed, has explicitly requested that [the trial court] include an award of fees in the judgment." Appellee's Brief at 21. Neither the Appellee nor the trial court cited any legal authority in support of this proposition. Appellee also contends that the trial court correctly interpreted the arbitration agreement to permit recovery of attorneys' fees for the "'prevailing party' at the trial court level as well." *Id.* at 24. Appellee does not otherwise identify any statutory authority or established exception in support of an award of attorneys' fees.

Under "the American Rule, each party must pay its own legal fees, unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." **Bert Co. v. Turk**, --- A.3d ---, 2021 WL 1783486, at *14 (Pa. Super. 2021) (citations omitted and formatting altered). Herein, we have previously discussed the well-settled principles of contract interpretation to construe the attorneys' fees clause of the parties' arbitration agreement. **See Provenzano**, 121 A.3d at 1095. Finally, we note that any party may file a praecipe for entry of judgment. **See** Pa.R.C.P. 227.4; **see also** Pa.R.C.P. 237 note (explaining that because any party may file a praecipe for entry of judgment, service of the praecipe on all parties must occur in order "to overrule those cases which permitted a defendant to enter judgment in favor of the plaintiff, without the plaintiff's

knowledge, thereby causing the time for appeal to run against the plaintiff without his knowledge.").

Initially, we have not identified any legal authorities that support Appellee's and the trial court's interpretation that a filing of a praecipe for entry of judgment is an express waiver of any defenses to a fee award. **See** Appellee's Brief at 21. Under that interpretation, a prevailing party may praecipe for entry of judgment in its favor, include an amount of fees, and prevent the non-prevailing party from challenging the fee award. **See** Pa.R.C.P. 227.4. **Cf.** Pa.R.C.P. 237 note. We decline to adopt this interpretation.

The instant clause at issue states that "As part of any arbitration award, the prevailing party shall be awarded, in addition to the claim, all costs of such arbitration, including without limitation the costs of arbitration and attorneys' fees." R.R. at 17a. The trial court interpreted the clause as "incongruous with [its] apparent purpose," which was "ensuring that the prevailing party would not be required to bear the costs of" pursuing its claims or defending any claims brought against the prevailing party. Order, 2/25/19, at 2. The trial court, however, did not apply well-settled principles of contract interpretation in reaching its holding. **See generally Provenzano**, 121 A.3d at 1095. As previously noted, neither the parties nor the trial court identified any other allowable basis for an award of attorneys' fees, *i.e.*, an established exception or express statutory authorization. Under these circumstances, the trial court

erred in its legal reasoning, and therefore, we vacate and remand for the trial court to apply the appropriate legal principles to determine whether Appellee may recover attorneys' fees under the agreement.[6] ***See id.***

For these reasons, we affirm the December 28, 2018 order denying Appellant's petition to vacate or modify the arbitration award, but vacate the January 31, 2019 judgment and February 26, 2019 order awarding attorneys' fees to Appellee. We remand to have the trial court apply the applicable law to resolve Appellee's motion for attorneys' fees.

Order at 94 WDA 2019 affirmed. Judgment at 330 WDA 2019 vacated. Order at 387 WDA 2019 vacated. Case and record remanded. Jurisdiction relinquished.

_____

[6] As noted previously, neither Appellee nor the trial court identified any other grounds for awarding attorneys' fees incurred following the arbitration hearing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2021